Theophilus Arnold BENJAMIN,
Appellant,

v.

The STATE of Texas, Appellee.

No. A14–93–00175–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 24, 1994.

Rikke Graber, Houston, for appellee.

Before MURPHY, ELLIS and WILLIAM E. JUNELL,* JJ.

## OPINION

MURPHY, Justice.

In this appeal following a plea of no contest to the offense of aggravated robbery, appellant brings three points of error: (1) the trial court erred in accepting appellant's plea because the plea was involuntary, as it contained a condition that could not be fulfilled; (2) the trial court abused its discretion in sentencing appellant to 15 years and one month in jail; (3) the sentence imposed on appellant constituted cruel and unusual punishment. We affirm.

Procedurally, this case began on October 8, 1992, when appellant entered a plea of *nolo contendere* before a visiting judge to the offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.03 (Vernon 1974). There was no agreed recommendation for punishment, and sentencing and a final adjudication of guilt were delayed until January 5, 1993 so that a presentence investigation (PSI) could be conducted. The written plea agreement stated that Judge John Kyles would pronounce sentence. In the November, 1992 election, Judge Kyles was defeated by Judge Denise Collins. On January 5, 1993, the PSI hearing was reset, and in due course appellant came before Judge Collins on January 21, 1993 for adjudication of guilt and sentencing. After appellant made numerous objections and corrections to the PSI report, Judge Collins found appellant guilty and sentenced him to 15 years and one month in the Institutional Division of the Texas Department of Criminal Justice.

In his first point of error, appellant contends that his plea was involuntary. He argues that because the plea agreement contained the condition that Judge Kyles would perform sentencing, the consequence of Judge Kyles's defeat in the subsequent election was that the agreement contained a condition that could not be fulfilled, and ap-

Kurt B. Wentz, Houston, for appellant.

* Retired Justice Junell sitting by appointment of    the Texas Supreme Court.

pellant's plea agreement was therefore rendered involuntary. It is true that a plea of guilty or *nolo contendere* should not be accepted unless it appears that the plea is voluntary. *Holland v. State*, 761 S.W.2d 307, 320 (Tex.Crim.App.1988), *cert. denied*, 489 U.S. 1091, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989) (citing *Brady v. U.S.*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). It is also true that if the provisions of a plea agreement later become unenforceable, the plea is involuntary. *Ex parte Austin*, 746 S.W.2d 226, 227 (Tex.Crim.App.1988). But in determining whether a plea is voluntary, the court should consider all the facts and circumstances. *Goodie v. State*, 735 S.W.2d 871, 873 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd 745 S.W.2d 379 (Tex.Crim.App. 1988)). In addition, it is appellant's burden to show involuntariness of his plea, and this burden is a heavy one. *Jones v. State*, 855 S.W.2d 82, 84 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). Once a defendant agrees to the terms of a plea bargain and signs the document, there is a heavy presumption that the plea was voluntary. *Ford v. State*, 845 S.W.2d 315, 316 (Tex.App.—Houston [1st Dist.] 1992, no pet.) (citing *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex. Crim.App.1982)).

■ Appellant argues that having Judge Kyles sentence him was a condition of his plea bargain. The State is bound to carry out its side of the plea bargain, or the plea is involuntary, even if the State never had the authority to ensure compliance with the plea bargain. *Austin*, 746 S.W.2d at 227. Appropriate relief for the failure of the State to live up to its side of the bargain is withdrawal of the guilty plea. *Id.* However, in general, plea bargaining consists of the prosecutor making concessions, such as the agreement in this case that the State would dismiss the second count against appellant, in exchange for the defendant's concession to plead guilty or *nolo contendere*. *Williams*, 637 S.W.2d at 947. In this case, appellant urges that having a particular judge perform sentencing was made a condition of a plea bargain. We are unable to see how this fits the definition of a concession by the State. Defendants are not afforded the judge of their choice. In fact, even when one judge

presides at trial, a defendant is not entitled to have that same judge pronounce sentence. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim.App.1984); *Hogan v. State*, 529 S.W.2d 515, 517 (Tex.Crim.App.1975) We find it is proper for a different judge to pronounce sentence other than the one who heard appellant's plea of no contest. Appellant was not entitled to an agreement that a particular judge would sentence him, and such a statement on the written plea bargain does not constitute a condition of the plea bargain.

■ Moreover, even if it were a condition of the plea bargain, appellant failed to object at the time it became obvious that Judge Kyles would not perform the sentencing. Therefore, appellant waived any error. To be timely, an objection must be raised at the earliest opportunity, or as soon as the ground of objection becomes apparent. *Johnson v. State*, 803 S.W.2d 272, 291 (Tex. Crim.App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991); TEX.R.APP.P. 52(a). It is clear from the record that as early as January 5th, when he appeared before Judge Collins for the first time, appellant was on notice that Judge Collins, not Judge Kyles, was going to sentence him. Appellant did not make an objection at any time to the judge presiding over his case, although he could have objected and withdrawn his no contest plea up until the judge pronounced sentence. *Stancliff v. State*, 852 S.W.2d 639 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *but cf. Hogan*, 529 S.W.2d at 517 (finding it proper for a different judge to sit at punishment hearing than presided at trial, even if an objection is made). We hold that the failure of Judge Kyles to sentence appellant did not render appellant's plea agreement involuntary. Appellant's first point of error is overruled.

In order to present an orderly discussion of appellant's second and third points of error, we will address his third point of error first.

■ In his third point of error, appellant contends that his punishment constitutes cruel and unusual punishment in violation of his constitutional rights. U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Specifically,

appellant contends that a sentence of 15 years and one month is inappropriate in light of appellant's proof of employment, family support, pursuit of education, church attendance, and lack of criminal history. However, appellant pled no contest to aggravated robbery, a first degree felony. TEX.PENAL CODE ANN. § 29.03 (Vernon Supp.1994). The statute under which appellant was sentenced states:

An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for any term of *not more than 99 years or less than 5 years.*

TEX.PENAL CODE ANN. § 12.32(a) (emphasis added). Thus, appellant's sentence is within the statutory limits prescribed by the Texas Legislature, and is actually on the lower end of the scale of punishment for the crime of aggravated robbery. When punishment assessed by a judge or jury is within the statutory limits, it is not cruel and unusual within the constitutional prohibitions. *McNew v. State,* 608 S.W.2d 166, 174 (Tex. Crim.App.1980); *Servin v. State,* 745 S.W.2d 40, 41–2 (Tex.App.—Houston [14th Dist.] 1987, no pet.). Appellant's third point of error is overruled.

In his second point of error, appellant contends that the trial court abused its discretion in sentencing appellant to fifteen years and one month, and that the imposition of a sentence exceeding 15 years is "particularly harsh" in that it denies appellant the opportunity to be released on bail pending his appeal. *See* TEX.CODE CRIM.PROC.ANN. art. 44.04(b) (Vernon Supp.1994).

In general, when the sentence imposed is within the statutory guidelines, the trial court has a great deal of discretion in sentencing, and the sentence will not be disturbed on appeal. *Jackson,* 680 S.W.2d at 814. As long as the judge who assessed punishment had some evidence or facts before her, her decision should be upheld. *Huynh v. State,* 833 S.W.2d 636, 640 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (citing *Jackson,* 680 S.W.2d at 814). Since the judge had before her the facts contained in the PSI report, as well as the testimony of appellant and his father, she did not abuse

her discretion in imposing a sentence that is, as discussed above, well within the statutory guidelines. Appellant's second point of error is overruled.

Having overruled all of appellant's points of error, we affirm the judgment of the trial court.