TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00645-CR







Paul W. Yeager, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 6628, HONORABLE JOE CARROLL, JUDGE PRESIDING







 Appellant entered a plea of guilty before a jury to the offense of aggravated assault
with a deadly weapon. See Tex. Penal Code Ann. § 22.02 (West 1994). The jury assessed
punishment at confinement for twenty years. Appellant asserts three points of error, contending
the trial court erred by failing to: (1) admonish appellant prior to accepting his plea on the range
of punishment; (2) determine, prior to accepting his plea that appellant was mentally competent;
and (3) determine, prior to accepting appellant's plea, that the plea was free and voluntary. We
will overrule appellant's points of error and affirm the judgment of the trial court.

 Prior to accepting a plea of guilty or a plea of nolo contendere, the trial court shall
admonish the defendant of the range of punishment and shall not accept a plea of guilty or nolo
contendere unless it appears that the defendant is mentally competent and the plea is free and
voluntary. See Tex. Code of Crim. Proc. Ann. art. 26.13(a)(1) & (b) (West 1989).

 On May 22, 1997, plea papers, signed and sworn to by appellant, and signed by
defense counsel and the prosecutor in which appellant waived his right to a jury and entered a plea
of nolo contendere, were filed. The instrument included the range of punishment, a recitation that
appellant was mentally competent, and an acknowledgment that his plea of nolo contendere was
freely and voluntarily entered because he was guilty and for no other reason. On the same date,
appellant appeared in open court with counsel, waived a trial before a jury and advised the court
that he wanted to enter a plea of nolo contendere. The trial court's admonishments thoroughly
covered the requirements of article 26.13 and appellant answered all of the court's questions about
the voluntariness of his plea, understanding the punishment range, and being mentally competent. 
The court explained that parole was more difficult if a crime was with a deadly weapon, but that
otherwise the court had no knowledge about the rules concerning parole. In addition, the court
explained that in a criminal case there was no difference in a plea of guilty and a plea of nolo
contendere, but gave examples of how a plea of nolo contendere might benefit appellant in a civil
case.

 At the conclusion of the trial court's admonishments, defense counsel conferred
with appellant and advised the court that appellant did not want to enter a plea of no contest and
asked the court to set a trial date. After defense counsel advised the court that he had a conflict
with a proposed July date, trial was set at a time in August. The court advised appellant that since
he had not entered a plea, "we will just vacate the matters--and we will let you have your trial in
the case."

 On August 19, 1997, the same cause was again called for trial. Appellant, his same
counsel and the same prosecutor appeared in the original trial court and appellant entered a plea
of guilty before a jury. The trial court made no further article 26.13 admonishments, inquiries,
or findings before the trial began. After both sides rested, the prosecutor mentioned about there
being nothing in the proposed charge about compliance with article 26.13. After the trial court
stated that it had not admonished appellant, defense counsel replied: "That's one of the things I
believe you cautioned him about when we were here last time, about being competent. I'm sure
the court could carry over these findings."

 Since appellant's three points of error concern an alleged failure of the trial court
to comply with article 26.13, we will combine them for the purpose of our consideration. Article
26.13(c) provides that "substantial compliance by the court is sufficient unless the defendant
affirmatively shows that he was not aware of the consequences of his plea and that he was misled
or harmed by the court." Tex. Code of Crim. Proc. Ann. art. 26.13(c) (West 1989).

 In Palacios v. State, 556 S.W.2d 349, 351 (Tex. Crim. App. 1977), the court stated
that the proper time for admonishments is at arraignment prior to the time the jury is empaneled. 
However, the court held that no reversible error occurred when the admonishments were given
for the first time after both sides had rested and the defendant stated that he wanted to plead guilty
because he was guilty. Id. at 352.

 In the instant cause, the trial court should have given the admonishments prior to
accepting appellant's plea at the second proceeding or followed the procedure set forth in Palacios
after discovering the omission when both sides had rested. Recently, the Court of Criminal
Appeals has held that error in article 26.13 admonishments is subject to the harmless error rule. 
See High v. State, 964 S.W.2d 637 (Tex. Crim. App. 1998); Cain v. State, 947 S.W.2d 262 (Tex.
Crim. App. 1997). In making an analysis of whether harm occurred, we consider all of the facts
and circumstances. See Benjamin v. State, 874 S.W.2d 132, 134 (Tex. App.--Houston [14th
Dist.] 1994, no pet.). The written instrument filed by appellant and the trial court's oral
admonishments were a model for compliance with article 26.13. Appellant's defense counsel
advised the trial court in the August trial, "I'm sure the court would carry over these findings"
when the matter of lack of article 26.13 admonishments was raised.

 Appellant has not made any affirmative showing of how he was harmed; the only
thing we have before us are the conclusory allegations in appellant's brief that there was nothing
to show that he was mentally competent, that his plea was freely and voluntarily given, and that
he gave up his right to have a jury consider his guilt or innocense. We hold that any error in
failing to give article 26.13 admonishments at the second proceeding was harmless beyond a
reasonable doubt under all the facts and circumstances. Appellant's points of error are overruled.





 The judgment of the trial court is affirmed.



 

 Tom G. Davis, Justice

Before Justices Kidd, B. A. Smith and Davis*

Affirmed

Filed: December 10, 1998

Do Not Publish



















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 and the same prosecutor appeared in the original trial court and appellant entered a plea
of guilty before a jury. The trial court made no further article 26.13 admonishments, inquiries,
or findings before the trial began. After both sides rested, the prosecutor mentioned about there
being nothing in the proposed charge about compliance with article 26.13. After the trial court
stated that it had not admonished appellant, defense counsel replied: "That's one of the things I
believe you cautioned him about when we were here last time, about being competent. I'm sure
the court could carry over these findings."

 Since appellant's three points of error concern an al