Opinion issued November 13, 2003 












In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-001091-CR
           01-02-001092-CR




JORGE ALLAN SANCHEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause Nos. 895509, 895508




O P I N I O N
          Appellant pleaded guilty without an agreed recommendation to aggravated
robbery (trial court number 895508) and evading arrest (trial court number 895509).
The trial judge assessed punishment at 20 and two years’ confinement, accordingly. 
We affirm. 
Background
          On May 5, 2002, appellant pleaded guilty before the Honorable Judge Elsa
Alcala. Appellant stated that he entered the pleas freely and voluntarily. He further
stated his understanding that he would be sentenced by Judge Alcala sometime after
the presentence investigation (PSI) report was prepared. Judge Alcala admonished
appellant in writing pursuant to article 26.13 of the Code of Criminal Procedure. 
Additionally, she verbally admonished appellant regarding the range of punishment,
such as deferred adjudication, the maximum sentence, the minimum sentence, or
anything in between. Judge Alcala then reset the cases for sentencing at a later time. 
          On October 11, 2002, the sentencing hearing commenced with the Honorable
Judge Brock Thomas presiding. Judge Alcala had been appointed to this Court, and
Governor Rick Perry had appointed Judge Thomas to the district court. Appellant
requested to withdraw his guilty pleas, alleging that his pleas were involuntary
because he believed that Judge Alcala would sentence him. Judge Thomas denied
appellant’s motion. 
Voluntariness of Guilty Pleas
          In his sole point of error, appellant contends that the trial court erred in denying
his motion to withdraw his guilty pleas. He argues that his pleas were involuntary
because it was his understanding that Judge Alcala would sentence him. For support,
he cites to the reporter’s record, in which Judge Alcala stated that appellant would
“be sentenced by me after a presentence report is prepared.”
          Defendants are not afforded the judge of their choice. Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984). Even when one judge presides at trial, a
defendant is not entitled to have that same judge pronounce sentence. Id. It is proper
for a different judge to pronounce sentence other than the one who heard a
defendant’s plea. Benjamin v. State, 874 S.W.2d 132, 134 (Tex. App.—Houston
[14th Dist.] 1994, no pet.). 
          In this case, appellant was not entitled to an agreement that a particular judge
would sentence him. Id. We hold that the failure of Judge Alcala to sentence
appellant did not render his pleas involuntary. Id. 
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgments of the trial court.
 
                                                                                  Adele Hedges
                                                                                  Justice


Panel consists of Justices Hedges, Nuchia, and Higley.
Publish. Tex. R. App. P. 47.4.