Opinion issued May 19, 2005
 
 
 
 



     
 
In The
Court of Appeals
For The
First District of Texas



NO. 01-03-01345-CR




RASHARD TRAMON MAYS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 921878





MEMORANDUM OPINION

            Appellant, Rashard Tramon Mays, pleaded guilty to felony aggravated robbery
and the trail court assessed punishment at forty-five years’ confinement. In this
appeal, we consider whether (1) jurisdiction was properly with the trial court and (2)
the trial court’s assessment of punishment at forty-five years’ confinement is an abuse
of discretion. We affirm.
Facts
          On April 1, 2002, at approximately 10:11 p.m., Deputy Ecke responded to a
call regarding a shooting at the Royal Mart Convenience Store located at 8235
Windfern Street. Upon his arrival, Deputy Ecke discovered a male laying face down
in a pool of blood, at which point Cypress Creek Medical Emergency personnel
arrived and pronounced the complainant, Sukhdev Singh, dead. The video
surveillance from the store showed that two males entered the store and proceeded
to shoot the complainant with a pistol. The following investigation by Detective
Klim led to information implicating the defendant in the robbery. On May 17, 2002,
Detective Klim went to appellant’s home to discuss the robbery, at which point
appellant admitted he was in the store at the time of the shooting and identified the
codefendant, Michael Holbert, as the shooter. A subsequently taped statement from
appellant relayed the facts of the crime and stipulated that appellant, along with two
codefendants, went to rob the Royal Mart Convenience Store in a stolen car, that the
appellant and codefendant Holbert entered the store to carry out the same, and that
Holbert shot the store clerk.
          Appellant was indicted in the 313th District Court of Harris County, a juvenile
court, because he was sixteen years old, and was subsequently certified in an order
waiving jurisdiction in case number 2002-05597J-Amended to the 351st District
Court so that he could be tried as an adult. The 351st District Court of Harris County
assumed jurisdiction by order over the defendant in case number 2002-04919J-Amended.
          Appellant thereafter pleaded guilty to aggravated robbery, a first degree felony,
on January 21, 2003, in the 351st District Court, and the judge ordered a presentence
investigation report (PSI) be conducted prior to sentencing on October 16, 2003. 
The PSI recounted the facts of the crime as described above, as well as appellant
involvement in previous crimes, including a car theft in which he pleaded guilty to
evading arrest, a charge of trespass on school property, and a charge of assault. 
Appellant filed a motion requesting punishment be assessed at community
supervision in light of his age. In support of that request, appellant submitted twelve
letters detailing his remorse, strong moral character, and religious involvement; his
school transcripts, which indicated that he was a good student; and informational
letters from colleges that had expressed interest in him. At the sentencing hearing on
December 3, 2003, the judge assessed appellant’s punishment at forty-five years’
confinement, and appellant perfected this appeal. 
 
Trial Court Jurisdiction
          In his first point of error, appellant complains that the 351st District Court did
not properly obtain jurisdiction over his aggravated robbery charge because the order
signed by the 313th District Court, a juvenile court, waiving jurisdiction over
appellant did not correspond with the order signed by the 351st District Court
assuming jurisdiction. The juvenile court entered its order waiving jurisdiction over
appellant in cause number 2002055971J-Amended and the 351st District Court
entered its order assuming jurisdiction over appellant in cause number 2002-04919J-Amended. The crux of appellant’s complaint is that the two numbers in the orders
that waive and assume jurisdiction are in conflict, and, therefore, the 351st District
Court never obtained proper jurisdiction over appellant.
          The legislature has addressed jurisdictional objections involving the
certification of juveniles from juvenile court to criminal district court by statute. See
Tex. Code Crim. Proc. Ann. art. 4.18 (Vernon 2005). Specifically, article 4.18(a)
provides that a claim alleging that a district court or criminal district court does not
have jurisdiction over a person because jurisdiction is exclusively in the juvenile
court must be made by written motion in bar of prosecution filed with the court in
which criminal charges against the defendant are filed. Further, the motion must be
filed and presented to the presiding judge of the court before the defendant enters a
plea of guilty or no contest. Tex. Code Crim. Proc. Ann. art. 4.18(b)(1). A person
who does not file a motion within the time requirements of the statute may not contest
the jurisdiction of the court on the ground that exclusive jurisdiction rests with the
juvenile court. Tex. Code Crim. Proc. Ann. art. 4.18(d)(1).
          A plain reading of the statute indicates that jurisdictional objections must be
made to the district court before entering a plea or they are waived. See Tex. Code
Crim. Proc. Ann. art. 4.18. In Rushing v. State, the Court of Criminal Appeals
unequivocally stated that article 4.18 prevents a jurisdictional objection from being
asserted in any context if the statute’s preservation requirements are not met. Rushing
v. State, 85 S.W.3d 282, 286 (Tex. Crim. App. 1996). The failure to object to the
district court regarding its jurisdiction before any plea of guilty does not comport with
the time restrictions dictated by the statute. Id. Therefore, a party who has not
objected to the district court may not seek redress for jurisdictional errors on appeal.
Id.; see also Miller v. State, 981 S.W.2d 447 (Tex. App.—Texarkana 1998, pet. ref’d)
(holding that defendant could not challenge that jurisdiction was not properly
certified by juvenile court to district court due to inconsistencies in the indictment
because he failed to object prior to trial adjudicating guilt in district court); Robles v.
State, No. 13-02-726-CR, 2004 WL 2335195, at *2 (Tex. App.—Corpus Christi
2004, no pet.) (finding that when appellant pleaded guilty to offense charged without
objecting to transfer of jurisdiction from juvenile court to district court, he failed to
comply with article 4.18's time requirements and therefore failed to preserve any
complaint for appeal). 
          Under the current facts, appellant seeks reversal by arguing that the district
court never obtained proper jurisdiction because of a numbering conflict between the
juvenile court’s order waiving jurisdiction and the district court’s order assuming
jurisdiction. This is a jurisdictional challenge to a juvenile court certification and is
controlled by article 4.18. However, appellant points to no evidence in the record
where he made any objection to the district court asserting a jurisdictional challenge. 
Appellant failed to raise any jurisdictional objections to the district court prior to his
plea of guilty as required by article 4.18. Id. Therefore, appellant failed to preserve
any jurisdictional objection for appeal. See Rushing 85 S.W.3d at 286. 
          We overrule appellant’s first point of error. 
Assessment of Punishment
          In his second point of error, appellant argues that the trial court abused its
discretion in assessing punishment at forty-five years’ confinement for the felony
offense of aggravated robbery. Appellant asserts that he is a probation-eligible
juvenile and that the length of his sentence is grossly disproportionate to the crime
committed, constituting an abuse of discretion by the trial court. Appellant does not
contend that the sentence was constitutionally disproportionate, but rather that the
length of the sentence assessed is at the higher end of the punishment range and is,
therefore, an abuse of discretion.
          Traditionally, the trial court is given great discretion in assessing the
punishment of a defendant. Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App.
1972). “When a defendant waives a jury trial, the trial judge has discretion to assess
punishment within the range provided by law which he finds appropriate in the
circumstances.” Morano v. State, 572 S.W.2d 550, 551 (Tex. Crim. App. 1978). 
Typically, a punishment within the statutory range provided by the legislature will not
be found to be an abuse of discretion. Id.; Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984); Baldridge v. State, 77 S.W.3d 890, 893-94 (Tex.
App.—Houston [14th Dist.] 2002, pet. ref’d); Benjamin v. State, 874 S.W.2d 132, 135
(Tex. App.—Houston [14th Dist.] 1994, no writ). The trial court will be found to
have abused its discretion only if there is no evidence or factual basis for punishment
imposed. Jackson, 680 S.W.2d at 814; Benjamin, 874 S.W.2d at 135.
          It is within this framework that we review appellant’s claim that the trial court
abused its discretion in assessing punishment at forty-five years’ confinement. 
Appellant pleaded guilty to aggravated robbery, a first-degree felony as defined by
§ 29.03 of the Texas Penal Code. The legislature has prescribed the range of
punishment for such a crime at imprisonment for life or any term of years not more
than ninety-nine, nor less than five. Tex. Penal Code Ann. § 12.32. In this case, the
trial court assessed punishment at forty-five years, in the lower half of the punishment
range provided by the legislature. Id. Therefore, the trial court will be afforded
discretion in that determination. Jackson, 680 S.W.2d at 814 (holding that the trial
court is given great discretion when the sentence imposed is within the statutory
guidelines). 
          Therefore, we must ascertain whether there was some evidence or factual basis
for the trial court’s assessment, while affording the court its due discretion. The PSI
showed that appellant and a codefendant robbed a convenience store and that, during
the robbery, appellant’s codefendant shot and killed the complainant. Appellant
thereafter pleaded guilty to the offense of aggravated robbery. In addition, the PSI
listed various other offenses involving appellant, including auto theft and evading
arrest. These facts are more than sufficient to find that the trial court had some
evidence on which to rely in sentencing appellant to a term of years in the lower half
of the statutory guidelines.
          Appellant correctly relies on Jackson v. State for the proposition that a sentence
within the statutory guidelines may still be an abuse of discretion. 680 S.W.2d 809. 
However, the facts in Jackson are inapposite. In Jackson, a different judge than the
judge who adjudicated guilt presided over the punishment phase of the trial. Id. at
811. The judge assessing punishment failed to read the record from the guilt-/innocence phase of the trial and entertained “no evidence of the offense, no
information about the defendant, no punishment evidence, [and] no plea bargain.” 
Id. at 814. The court found that the trial judge had no evidence before him with
which to assess punishment and, therefore, abused his discretion. Id. Jackson is
clearly distinguishable from the case at bar because the same trial court presided over
the adjudication of guilt as well as the punishment phase. Further, the trial court
heard evidence from both the State, relating appellant’s prior criminal activities, and
from the appellant’s family, detailing his positive qualities. This evidence and
testimony provided a proper factual basis for the court to assess punishment.
          The sentence imposed by the trial court is within the statutory guidelines and
we will afford the trial court great discretion. Further, the trial court heard ample
evidence from the State and the appellant during the punishment phase with which
to make an assessment of punishment.
 
 
 
 
 
          We overrule appellant’s second point of error.
Conclusion
We affirm the judgment of the trial court.
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).