Affirmed and Memorandum Opinion filed February 20, 2007








Affirmed and
Memorandum Opinion filed
February 20, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00036-CR

____________

 

ERIC ALLEN HOWELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court 

Harris County, Texas

Trial Court Cause No. 1032512

 



 

M E M O R A N D U M   O P I N I O N

Challenging
his conviction for aggravated robbery, appellant, Eric Allen Howell, contends the trial court
erred by assessing a punishment that is grossly disproportionate to the crime
committed, thereby violating his constitutional rights against cruel and
unusual punishment.  We affirm. 








I. 
Background

Appellant
was charged with the felony offense of aggravated robbery.  He pleaded guilty
without an agreement as to punishment. The trial court sentenced him to
eighteen years= confinement in the Institutional Division of the Texas Department of
Criminal Justice. 

II.  Issue Presented                  

In a
single issue, appellant contends the punishment the trial court assessed is
grossly disproportionate to the crime committed, thus violating his state and
federal constitutional rights to be free from cruel and unusual punishment.  See
U.S. Const. amend. VIII; Tex. Const. art. I, section 13.  The
State responds that because appellant failed to object at trial that his
eighteen-year sentence constituted cruel and unusual punishment, he is
precluded from raising the issue on appeal. 

To
preserve a complaint for appellate review, a party is required to make a
timely, specific objection and obtain an adverse ruling.  Tex. R. App. P. 33.1(a).  Almost every
right, constitutional and statutory, may be waived by failing to object.  See 
Nicholas v. State, 56 S.W.3d. 760, 768 (Tex. App.C Houston (14th Dist.) 2001, pet. ref=d.). The failure to specifically
object to an alleged disproportionate sentence in the trial court or in a
post-trial motion waives any error.  See, e.g., id; Steadman
v. State, 31 S.W.3d. 738, 742 (Tex. App.CHouston (1st Dist.) 2000, pet. ref=d.).  Because appellant did not voice
his objection in the trial court and is raising the issue for the first time on
appeal, his argument is not preserved for appellate review.  See Tex. R. App. P. 33.1(a). 








Even if
appellant had not waived his complaint, we would find no merit in it because 
appellant=s punishment was assessed within the statutory range, and he has not
demonstrated that his eighteen-year sentence was grossly disproportionate to
the offense for which he was convicted.  The punishment range for aggravated
robbery  includes imprisonment for not less than five nor more than ninety-nine
years or life.   Tex. Penal Code Ann.
' 12.32(a) Vernon (2003).  Appellant=s eighteen-year sentence is not
disproportionate and does not violate the federal or state constitutional
prohibitions against cruel and unusual punishment.  See Harris v. State,
656 S.W.2d 481, 486 (Tex. Crim. App.1983); Benjamin v. State, 874 S.W.2d
132, 134-135 (Tex. App.CHouston [14th Dist.] 1994, no pet.).  Accordingly, we overrule
the appellant=s sole issue on appeal.

We affirm the trial court=s judgment.

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered and Opinion filed
February 20, 2007.

Panel consists of Justices Frost,
Seymore and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).