Affirmed and Memorandum Opinion filed March 29, 2007








Affirmed and Memorandum Opinion filed March 29, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00177-CR

____________

 

THOMAS E. SUDDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 896,811

 



 

M E M O R A N D U M   O P I N I O N

Challenging his felony conviction for evading arrest,
appellant Thomas E. Sudds contends the trial court erred by sentencing him to
punishment grossly disproportionate to the crime committed, thereby violating
his constitutional rights against cruel and unusual punishment.  We affirm. 

 

 

I.  Factual and Procedural
Background








On
December 15, 2001, appellant was charged with the felony offense of evading
arrest.  Appellant waived his right to a trial by jury, and entered a plea of Aguilty.@  The trial court sentenced appellant
to two years= confinement in the state jail, probated for five years, and assessed a
$600.00 fine.  On February 23, 2006, the State filed a motion to revoke
appellant=s probation for violating terms of his probation, including, but not
limited to, the consumption of controlled substances.  Appellant entered a plea
of Atrue@ to the motion.  The trial court
revoked appellant=s probation, and sentenced him to six months= confinement in the state jail. 

II.  Issues and Analysis

In two
issues, appellant contends his sentence of six-months= confinement is grossly
disproportionate to the crime committed, and, therefore, violates his state and
federal constitutional rights to be free from cruel and unusual punishment.  See
U.S. Const. amend. VIII; Tex. Const. art. I, section 13.   The
State responds that appellant is precluded from raising these issues on appeal
because he failed to object that his sentence constituted cruel and unusual
punishment in the trial court. We agree. 








To
preserve a complaint for appellate review, a party is required to make a
timely, specific objection and obtain an adverse ruling.  Tex. R. App. P. 33.1(a).  The constitutional
right to be free from cruel and unusual punishment may be waived.  See Nicolas
v. State, 56 S.W.3d 760, 768 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d) (concluding that defendant waived claim
that one concurrent and five consecutive sentences imposed for three counts of
aggravated sexual assault of child and three counts of indecency with a child
were cruel and unusual under both federal and state constitutions, when he did
not raise them in trial court); Solis v. State, 945 S.W.2d 300, 301
(Tex. App.CHouston [1st Dist.] 1997, pet. ref=d) (finding waiver
where defendant failed to object at punishment hearing that sentence was cruel
and unusual); see also Stewart v. LaGrand, 526 U.S. 115, 119, 119 S.Ct.
1018, 143 L.Ed.2d 196 (1999).  Because appellant did not voice his objection in the trial court and is
raising the issue for the first time on appeal, his argument is not preserved
for appellate review.  See Tex. R.
App. P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 120 (Tex.
Crim. App. 1996).

Even if
appellant had not waived his complaint, we would find no merit in it because 
appellant was sentenced within the statutory range, and he has not demonstrated
that his sentence of confinement for six months was grossly disproportionate to
the offense for which he was convicted.  See Benjamin v. State, 874
S.W.2d 132, 134B35 (Tex. App.CHouston [14th Dist.] 1994, no pet.) (concluding that
punishment assessed within statutory range is not disproportionate and does not
violate a defendant=s rights against cruel and unusual punishment).   Appellant
was convicted of evading arrest in a motor vehicle, which is a state-jail
felony.  See Tex. Penal Code Ann.
' 38.04 (b)(1) (Vernon Supp. 2005). 
The punishment range includes confinement in a state jail for not less than
one-hundred and eighty days and no more than two years.  Id. ' 12.35(a).  The trial court sentenced
appellant to six months (one-hundred eighty days) of confinement in the state
jail.  This punishment is not disproportionate and does not violate appellant=s federal or state constitutional
rights against cruel and unusual punishment.  See Benjamin, 874 S.W.2d
at 134.  

We
overrule appellant=s two issues on appeal, and affirm the trial court=s judgment. 

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed March 29, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).