NO. 07-08-0363-CR
NO. 07-08-0364-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 5, 2009
______________________________

DONALD ELIJAH MATTHEWS, JR.,
Â 
Appellant

v.

THE STATE OF TEXAS, 
Â 
Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â _________________________________

FROM THE 47th DISTRICT COURT OF POTTER COUNTY;

NOS. 57,858-A and 57,859-A; HON. HAL MINER, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Appellant appeals from his conviction for violation of a protective order and arson
of a habitation. The clerkâs record in each case was filed on February 20, 2009, and the
reporterâs record on April 30, 2009. Appellantâs brief in each case was due on June 1,
2009. On June 2, 2009, appellant filed motions for extension of time to file the briefs. It
was granted, and the deadline was extended to July 1, 2009. On July 2, 2009, appellant
filed second motions to extend the time to file appellantâs briefs, which were granted to July
22, 2009, with the admonition that â[n]o further extensions will be grantedâ and â[f]ailure to
comply with this deadline will result in the appeals being abated and the causes remanded
to the trial court for further proceedings.â To date, no brief has been filed.
Â Â Â Â Â Â Â Â Â Â Consequently, we abate the appeals and remand the causes to the 47th District
Court (trial court) for further proceedings. Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:
Â Â Â Â Â Â Â Â Â Â 1.Â Â Â Â Â Â Â whether appellant is indigent; 
Â 
Â Â Â Â Â Â Â Â Â Â 2.Â Â Â Â Â Â Â whether appellant desires to prosecute the appeals;
Â 
3. whether appellant has been denied the effective assistance of
counsel due to appellate counselâs failure to timely file appellate
briefs. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant
is entitled to the effective assistance of counsel on the first appeal as
of right and that counsel must be available to assist in preparing and
submitting an appellate brief).

Â Â Â Â Â Â Â Â Â Â We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeals, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeals. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the courtâs findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerkâs record in each case containing the findings of fact and
conclusions of law and 2) a reporterâs record in each case transcribing the evidence and
argument presented at the aforementioned hearing. Additionally, the trial court shall cause
the supplemental clerkâs records to be filed with the clerk of this court on or before
September 4, 2009. Should additional time be needed to perform these tasks, the trial
court may request same on or before September 4, 2009.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



 Quote"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00293-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL B

Â 



FEBRUARY
22, 2011

Â 



Â 

JUAN DIEGO REYES, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

Â 

NO. 19,726-A; HONORABLE HAL MINER, JUDGE



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

Â 

Â 

Â 

MEMORANDUM OPINION

Â 

Appellant Juan Diego Reyes appeals
from the trial courtÂs revocation of his deferred adjudication, finding him
guilty of burglary of a habitation and sentencing him to eleven years of
imprisonment.Â  By two issues, appellant
contends the trial court erred in revoking his deferred adjudication.Â  We affirm.Â 


Â 

Â 

Â 

Background

Â Â Â Â Â Â Â Â Â Â Â  In
June 2008, appellant plead guilty to the offense of burglary of a habitation.[1]Â  The trial court deferred an adjudication of
guilt and placed appellant on community supervision for a period of eight
years.Â  In July 2009, the State filed its
amended motion to revoke the order granting unadjudicated
probation, alleging appellant violated the terms of his community supervision
by committing the criminal offense of resisting arrest in June 2009, using
cocaine in May 2009, failing to maintain curfew in June 2009, and failing to
successfully complete the SAFPF treatment plan.Â 
The court heard the motion on July 30, 2009.Â  Appellant plead Ânot trueÂ to the StateÂs
first allegation but plead ÂtrueÂ to the second, third, and fourth
allegations.Â  After hearing the evidence
presented, the trial court adjudicated appellantÂs guilt and sentenced him to
imprisonment for eleven years and imposed against him a $2000 fine.

Analysis

Â Â Â Â Â Â Â Â Â Â Â  By
appellantÂs first issue, he contends the evidence is legally and factually
insufficient to support the StateÂs allegations and argues the trial court had no basis for lengthening the sentence imposed on
appellant from eight years to eleven years. By his second issue, he argues the trial court violated his
due process rights in failing to present a written statement as to the evidence
relied on and reasons for revoking his probation.Â  We disagree with both of appellantÂs
assertions.

The decision whether to revoke
community supervision rests within the discretion of the trial court. Forrest v. State, 805 S.W.2d 462, 464 (Tex.Crim.App. 1991); Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The court's discretion, however, is not absolute and
does not authorize the revocation of community supervision without evidence
of a violation of one of the conditions imposed. DeGay v. State, 741 S.W.2d 445, 449 (Tex.Crim.App.
1987). The State must prove by a
preponderance of the evidence that a condition of community
supervision was violated. Cardona, 665 S.W.2d at 493. We apply an abuse of discretion standard to review of a
revocation order. Rickels v. State, 202 S.W.3d 759,
763 (Tex.Crim.App. 2006).

A plea of true to even one of the State's
allegations
is sufficient to support a revocation of deferred adjudication
community supervision. See Watts v. State, 645 S.W.2d 461,
463 (Tex.Crim.App. 1983) (holding that plea of true to one allegation
is sufficient to support revocation of regular probation). In this case,
appellant plead true to three of the allegations contained in the State's application. These pleas adequately
support the trial courtÂs determination that appellant violated at least one
condition of his community supervision.Â  Herrera v. State, 951
S.W.2d 197, 199 (Tex.App.ÂCorpus Christi 1997, no
pet.).Â  

Appellant also complains that the judge abused his
discretion in sentencing appellant to eleven years of imprisonment when his
deferred adjudication community supervision was for a period of eight years.

Sentencing is within the sound discretion of the trial
court, and we review the sentence imposed by a trial court for
an abuse of discretion. Jackson v.
State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Baldridge v. State, 77 S.W.3d 890,
893-94 (Tex. App.--Houston [14th Dist.] 2002, pet. ref'd). Where deferred adjudication
probation is revoked, the trial court is not limited to imposing the original
term recommended but may impose any term authorized by statute. Von Schounmacher v. State, 5 S.W.3d 221,
223 (Tex.Crim.App. 1999). Â As a general rule, a penalty
assessed within the proper punishment range will not be disturbed
on appeal. Jackson, 680 S.W.2d at 814. A trial court may be found to have abused its discretion if
there is no evidence or factual basis for the punishment imposed. Id.; Benjamin v.
State, 874 S.W.2d 132, 135 (Tex.App.--Houston
[14th Dist.] 1994, no pet.).

Appellant plead guilty to the indicted offense of
burglary of a habitation.Â  This offense
is a second degree felony punishable by imprisonment for any term not more than
20 years or less than 2 years and a fine not to exceed $10,000.Â  See
Tex. Penal Code Ann. Â§ 12.33 (West 2003).Â 
Appellant was sentenced to eleven years, a punishment within the
permissible range.Â  In addition to
appellantÂs pleas of true to three of the StateÂs revocation allegations, and
the testimony that appellant resisted arrest while on community supervision,
the court heard evidence of facts surrounding the burglary offense.Â  

The trial court did not abuse its discretion by revoking
appellant's community supervision, adjudicating him guilty of burglary of a
habitation and imposing sentence.Â  We
overrule appellantÂs first issue.

In appellantÂs second issue, he contends the trial court
violated his due process rights when it failed to disclose in a written
statement the grounds on which the revocation was based. We disagree. 

Due process in the revocation
context requires a hearing; written notice of the claimed
violations; disclosure of the evidence against the defendant; an opportunity to
be heard and to present witnesses and documentary evidence; a neutral hearing
body; and "a written statement by the fact finder as to the evidence
relied on and the reasons for revoking probation." Ex parte Carmona, 185 S.W.3d 492, 495 (Tex.Crim.App.
2006), (citing Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756,
36 L. Ed. 2d 656 (1973)).Â  The trial court is not required to issue
separate findings if the judgment or revocation order discloses
the grounds for revocation found by the court.Â  See Reasor v.
State, 281 S.W.3d 129, 136 (Tex.App.ÂSan Antonio
2008, pet. refÂd).Â 
See also Payne v. State, Nos. 04-00-00659-CR and 04-00-0060-CR, 2001 Tex.App. LEXIS 3306 (Tex.App.ÂSan
Antonio May 23, 2001) (mem. op., not designated for
publication) (judgment stating that Âcondition number one was violatedÂ
provided the information necessary to determine the basis of revocation, which
satisfied due process).

Here, the reporterÂs record clearly reflects appellant plead
ÂtrueÂ to paragraphs 2, 3, and 4 of the StateÂs motion.Â  The reporterÂs record further shows that the
court heard evidence on the StateÂs allegation stated in paragraph 1 of the
motion to revoke, i.e., that appellant committed the offense of resisting
arrest, and rendered a finding that allegation also was true.Â  The courtÂs written judgment is consistent
with the reporterÂs record, in that it states appellant plead ÂtrueÂ to
paragraphs 2, 3, and 4 of the StateÂs motion.Â 
The judgment further recites, ÂWhile on community supervision, Defendant
violated the terms and conditions of community supervision as set out in the
StateÂs Amended Motion to Adjudicate Guilt as follows:Â  Paragraphs 1-4.ÂÂ  The record clearly reflects the evidence on
which the court relied, and the grounds for revocation.Â Â  The requirements of due process were
met.Â  We overrule appellantÂs second
issue, and affirm the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  James
T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Â 

Do not publish.

Â 








Â 











[1]Â Â  See Tex.
Penal Code Ann. Â§ 30.02 (West 2003).