NO. 07-09-00293-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
22, 2011

 



 

JUAN DIEGO REYES, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 19,726-A; HONORABLE HAL MINER, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

 

MEMORANDUM OPINION

 

Appellant Juan Diego Reyes appeals
from the trial court’s revocation of his deferred adjudication, finding him
guilty of burglary of a habitation and sentencing him to eleven years of
imprisonment.  By two issues, appellant
contends the trial court erred in revoking his deferred adjudication.  We affirm. 


 

 

 

Background

            In
June 2008, appellant plead guilty to the offense of burglary of a habitation.[1]  The trial court deferred an adjudication of
guilt and placed appellant on community supervision for a period of eight
years.  In July 2009, the State filed its
amended motion to revoke the order granting unadjudicated
probation, alleging appellant violated the terms of his community supervision
by committing the criminal offense of resisting arrest in June 2009, using
cocaine in May 2009, failing to maintain curfew in June 2009, and failing to
successfully complete the SAFPF treatment plan. 
The court heard the motion on July 30, 2009.  Appellant plead “not true” to the State’s
first allegation but plead “true” to the second, third, and fourth
allegations.  After hearing the evidence
presented, the trial court adjudicated appellant’s guilt and sentenced him to
imprisonment for eleven years and imposed against him a $2000 fine.

Analysis

            By
appellant’s first issue, he contends the evidence is legally and factually
insufficient to support the State’s allegations and argues the trial court had no basis for lengthening the sentence imposed on
appellant from eight years to eleven years. By his second issue, he argues the trial court violated his
due process rights in failing to present a written statement as to the evidence
relied on and reasons for revoking his probation.  We disagree with both of appellant’s
assertions.

The decision whether to revoke
community supervision rests within the discretion of the trial court. Forrest v. State, 805 S.W.2d 462, 464 (Tex.Crim.App. 1991); Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The court's discretion, however, is not absolute and
does not authorize the revocation of community supervision without evidence
of a violation of one of the conditions imposed. DeGay v. State, 741 S.W.2d 445, 449 (Tex.Crim.App.
1987). The State must prove by a
preponderance of the evidence that a condition of community
supervision was violated. Cardona, 665 S.W.2d at 493. We apply an abuse of discretion standard to review of a
revocation order. Rickels v. State, 202 S.W.3d 759,
763 (Tex.Crim.App. 2006).

A plea of true to even one of the State's
allegations
is sufficient to support a revocation of deferred adjudication
community supervision. See Watts v. State, 645 S.W.2d 461,
463 (Tex.Crim.App. 1983) (holding that plea of true to one allegation
is sufficient to support revocation of regular probation). In this case,
appellant plead true to three of the allegations contained in the State's application. These pleas adequately
support the trial court’s determination that appellant violated at least one
condition of his community supervision.  Herrera v. State, 951
S.W.2d 197, 199 (Tex.App.—Corpus Christi 1997, no
pet.).  

Appellant also complains that the judge abused his
discretion in sentencing appellant to eleven years of imprisonment when his
deferred adjudication community supervision was for a period of eight years.

Sentencing is within the sound discretion of the trial
court, and we review the sentence imposed by a trial court for
an abuse of discretion. Jackson v.
State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Baldridge v. State, 77 S.W.3d 890,
893-94 (Tex. App.--Houston [14th Dist.] 2002, pet. ref'd). Where deferred adjudication
probation is revoked, the trial court is not limited to imposing the original
term recommended but may impose any term authorized by statute. Von Schounmacher v. State, 5 S.W.3d 221,
223 (Tex.Crim.App. 1999).  As a general rule, a penalty
assessed within the proper punishment range will not be disturbed
on appeal. Jackson, 680 S.W.2d at 814. A trial court may be found to have abused its discretion if
there is no evidence or factual basis for the punishment imposed. Id.; Benjamin v.
State, 874 S.W.2d 132, 135 (Tex.App.--Houston
[14th Dist.] 1994, no pet.).

Appellant plead guilty to the indicted offense of
burglary of a habitation.  This offense
is a second degree felony punishable by imprisonment for any term not more than
20 years or less than 2 years and a fine not to exceed $10,000.  See
Tex. Penal Code Ann. § 12.33 (West 2003). 
Appellant was sentenced to eleven years, a punishment within the
permissible range.  In addition to
appellant’s pleas of true to three of the State’s revocation allegations, and
the testimony that appellant resisted arrest while on community supervision,
the court heard evidence of facts surrounding the burglary offense.  

The trial court did not abuse its discretion by revoking
appellant's community supervision, adjudicating him guilty of burglary of a
habitation and imposing sentence.  We
overrule appellant’s first issue.

In appellant’s second issue, he contends the trial court
violated his due process rights when it failed to disclose in a written
statement the grounds on which the revocation was based. We disagree. 

Due process in the revocation
context requires a hearing; written notice of the claimed
violations; disclosure of the evidence against the defendant; an opportunity to
be heard and to present witnesses and documentary evidence; a neutral hearing
body; and "a written statement by the fact finder as to the evidence
relied on and the reasons for revoking probation." Ex parte Carmona, 185 S.W.3d 492, 495 (Tex.Crim.App.
2006), (citing Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756,
36 L. Ed. 2d 656 (1973)).  The trial court is not required to issue
separate findings if the judgment or revocation order discloses
the grounds for revocation found by the court.  See Reasor v.
State, 281 S.W.3d 129, 136 (Tex.App.—San Antonio
2008, pet. ref’d). 
See also Payne v. State, Nos. 04-00-00659-CR and 04-00-0060-CR, 2001 Tex.App. LEXIS 3306 (Tex.App.—San
Antonio May 23, 2001) (mem. op., not designated for
publication) (judgment stating that “condition number one was violated”
provided the information necessary to determine the basis of revocation, which
satisfied due process).

Here, the reporter’s record clearly reflects appellant plead
“true” to paragraphs 2, 3, and 4 of the State’s motion.  The reporter’s record further shows that the
court heard evidence on the State’s allegation stated in paragraph 1 of the
motion to revoke, i.e., that appellant committed the offense of resisting
arrest, and rendered a finding that allegation also was true.  The court’s written judgment is consistent
with the reporter’s record, in that it states appellant plead “true” to
paragraphs 2, 3, and 4 of the State’s motion. 
The judgment further recites, “While on community supervision, Defendant
violated the terms and conditions of community supervision as set out in the
State’s Amended Motion to Adjudicate Guilt as follows:  Paragraphs 1-4.”  The record clearly reflects the evidence on
which the court relied, and the grounds for revocation.   The requirements of due process were
met.  We overrule appellant’s second
issue, and affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do not publish.

 








 











[1]   See Tex.
Penal Code Ann. § 30.02 (West 2003).