NO. 07-09-00293-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 22, 2011

_____

JUAN DIEGO REYES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 19,726-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Juan Diego Reyes appeals from the trial court's revocation of his deferred adjudication, finding him guilty of burglary of a habitation and sentencing him to eleven years of imprisonment. By two issues, appellant contends the trial court erred in revoking his deferred adjudication. We affirm.

Background

In June 2008, appellant plead guilty to the offense of burglary of a habitation.[1] The trial court deferred an adjudication of guilt and placed appellant on community supervision for a period of eight years. In July 2009, the State filed its amended motion to revoke the order granting unadjudicated probation, alleging appellant violated the terms of his community supervision by committing the criminal offense of resisting arrest in June 2009, using cocaine in May 2009, failing to maintain curfew in June 2009, and failing to successfully complete the SAFPF treatment plan. The court heard the motion on July 30, 2009. Appellant plead "not true" to the State's first allegation but plead "true" to the second, third, and fourth allegations. After hearing the evidence presented, the trial court adjudicated appellant's guilt and sentenced him to imprisonment for eleven years and imposed against him a $2000 fine.

Analysis

By appellant's first issue, he contends the evidence is legally and factually insufficient to support the State's allegations and argues the trial court had no basis for lengthening the sentence imposed on appellant from eight years to eleven years. By his second issue, he argues the trial court violated his due process rights in failing to present a written statement as to the evidence relied on and reasons for revoking his probation. We disagree with both of appellant's assertions.

The decision whether to revoke community supervision rests within the discretion of the trial court. *Forrest v. State,* 805 S.W.2d 462, 464 (Tex.Crim.App. 1991); *Cardona*

---

[1] *See* Tex. Penal Code Ann. § 30.02 (West 2003).

*v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The court's discretion, however, is not absolute and does not authorize the revocation of community supervision without evidence of a violation of one of the conditions imposed. *DeGay v. State,* 741 S.W.2d 445, 449 (Tex.Crim.App. 1987). The State must prove by a preponderance of the evidence that a condition of community supervision was violated. *Cardona,* 665 S.W.2d at 493. We apply an abuse of discretion standard to review of a revocation order. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006).

A plea of true to even one of the State's allegations is sufficient to support a revocation of deferred adjudication community supervision. *See Watts v. State,* 645 S.W.2d 461, 463 (Tex.Crim.App. 1983) (holding that plea of true to one allegation is sufficient to support revocation of regular probation). In this case, appellant plead true to three of the allegations contained in the State's application. These pleas adequately support the trial court's determination that appellant violated at least one condition of his community supervision. *Herrera v. State,* 951 S.W.2d 197, 199 (Tex.App.—Corpus Christi 1997, no pet.).

Appellant also complains that the judge abused his discretion in sentencing appellant to eleven years of imprisonment when his deferred adjudication community supervision was for a period of eight years.

Sentencing is within the sound discretion of the trial court, and we review the sentence imposed by a trial court for an abuse of discretion. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Baldridge v. State,* 77 S.W.3d 890, 893-94 (Tex. App.--Houston [14th Dist.] 2002, pet. ref'd). Where deferred adjudication probation

3

is revoked, the trial court is not limited to imposing the original term recommended but may impose any term authorized by statute. *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex.Crim.App. 1999). As a general rule, a penalty assessed within the proper punishment range will not be disturbed on appeal. *Jackson,* 680 S.W.2d at 814. A trial court may be found to have abused its discretion if there is no evidence or factual basis for the punishment imposed. *Id.; Benjamin v. State,* 874 S.W.2d 132, 135 (Tex.App.--Houston [14th Dist.] 1994, no pet.).

Appellant plead guilty to the indicted offense of burglary of a habitation. This offense is a second degree felony punishable by imprisonment for any term not more than 20 years or less than 2 years and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. § 12.33 (West 2003). Appellant was sentenced to eleven years, a punishment within the permissible range. In addition to appellant's pleas of true to three of the State's revocation allegations, and the testimony that appellant resisted arrest while on community supervision, the court heard evidence of facts surrounding the burglary offense.

The trial court did not abuse its discretion by revoking appellant's community supervision, adjudicating him guilty of burglary of a habitation and imposing sentence. We overrule appellant's first issue.

In appellant's second issue, he contends the trial court violated his due process rights when it failed to disclose in a written statement the grounds on which the revocation was based. We disagree.

4

Due process in the revocation context requires a hearing; written notice of the claimed violations; disclosure of the evidence against the defendant; an opportunity to be heard and to present witnesses and documentary evidence; a neutral hearing body; and "a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation." *Ex parte Carmona,* 185 S.W.3d 492, 495 (Tex.Crim.App. 2006), (*citing Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)). The trial court is not required to issue separate findings if the judgment or revocation order discloses the grounds for revocation found by the court. *See Reasor v. State,* 281 S.W.3d 129, 136 (Tex.App.—San Antonio 2008, pet. ref'd). *See also Payne v. State,* Nos. 04-00-00659-CR and 04-00-0060-CR, 2001 Tex.App. LEXIS 3306 (Tex.App.—San Antonio May 23, 2001) (mem. op., not designated for publication) (judgment stating that "condition number one was violated" provided the information necessary to determine the basis of revocation, which satisfied due process).

Here, the reporter's record clearly reflects appellant plead "true" to paragraphs 2, 3, and 4 of the State's motion. The reporter's record further shows that the court heard evidence on the State's allegation stated in paragraph 1 of the motion to revoke, i.e., that appellant committed the offense of resisting arrest, and rendered a finding that allegation also was true. The court's written judgment is consistent with the reporter's record, in that it states appellant plead "true" to paragraphs 2, 3, and 4 of the State's motion. The judgment further recites, "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's Amended Motion to Adjudicate Guilt as follows: Paragraphs 1-4." The record clearly reflects the evidence on which the court relied, and the grounds for revocation. The

5

requirements of due process were met.  We overrule appellant's second issue, and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.