Jorge Allan SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–02–001091–CR, 01–02–001092–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 13, 2003.

Ted Doebbler, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Carmen Castillo Mitchell, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices HEDGES, NUCHIA, and HIGLEY.

## OPINION

ADELE HEDGES, Justice.

Appellant pleaded guilty without an agreed recommendation to aggravated robbery (trial court number 895508) and evading arrest (trial court number 895509). The trial judge assessed punishment at 20 and two years' confinement, accordingly. We affirm.

### Background

On May 5, 2002, appellant pleaded guilty before the Honorable Judge Elsa Alcala. Appellant stated that he entered the pleas freely and voluntarily. He further stated his understanding that he would be sentenced by Judge Alcala sometime after the presentence investigation (PSI) report was prepared. Judge Alcala admonished appellant in writing pursuant to article 26.13 of the Code of Criminal Procedure. Additionally, she verbally admonished appellant regarding the range of punishment, such as deferred adjudication, the maximum sentence, the minimum sentence, or anything in between. Judge Alcala then reset the cases for sentencing at a later time.

On October 11, 2002, the sentencing hearing commenced with the Honorable Judge Brock Thomas presiding. Judge Alcala had been appointed to this Court, and Governor Rick Perry had appointed Judge Thomas to the district court. Appellant requested to withdraw his guilty pleas, alleging that his pleas were involuntary because he believed that Judge Alcala would sentence him. Judge Thomas denied appellant's motion.

### Voluntariness of Guilty Pleas

In his sole point of error, appellant contends that the trial court erred in denying his motion to withdraw his guilty pleas. He argues that his pleas were involuntary because it was his understanding that

Judge Alcala would sentence him. For support, he cites to the reporter's record, in which Judge Alcala stated that appellant would "be sentenced by me after a presentence report is prepared."

■ Defendants are not afforded the judge of their choice. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App.1984). Even when one judge presides at trial, a defendant is not entitled to have that same judge pronounce sentence. *Id.* It is proper for a different judge to pronounce sentence other than the one who heard a defendant's plea. *Benjamin v. State*, 874 S.W.2d 132, 134 (Tex.App.-Houston [14th Dist.] 1994, no pet.).

In this case, appellant was not entitled to an agreement that a particular judge would sentence him. *Id.* We hold that the failure of Judge Alcala to sentence appellant did not render his pleas involuntary. *Id.*

We overrule appellant's sole point of error.

### Conclusion

We affirm the judgments of the trial court.