

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-133-CR**

BERT SHEFFER                                                     APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Bert Sheffer brings a single issue challenging the voluntariness of his open plea of guilt, which resulted in his conviction and enhanced twenty-year sentence for possession of four or more, but less than two hundred, grams of methamphetamine with the intent to deliver. *See* Tex. Health & Safety Code

---

[1] *See* Tex. R. App. P. 47.4.

Ann. §§ 481.102(6), 481.112(a), (d) (Vernon Supp. 2009); Tex. Penal Code Ann. § 12.42(c)(1) (Vernon Supp. 2009). We affirm.

**Factual and Procedural Background**

On February 25, 2008, appellant pled guilty before the presiding judge of Criminal District Court Number Three, Judge Elizabeth Berry, after she admonished appellant on the range of punishment and the consequences of pleading guilty.[2] Appellant asked the trial court to assess punishment after the preparation of a presentence investigation report (PSI). When asked if he were pleading guilty and true "freely and voluntarily" and "because you are guilty and because the allegations are true," appellant answered, "Yes." The trial court admitted appellant's signed, written admonishments and concluded as follows: "I accepted your pleas. I'm not going to make findings on those . . . until your pre-sentence report has been prepared."

The trial court set a hearing for April 24, 2009; Judge Phillip Vick was presiding as a visiting judge. At the beginning of the hearing, the following exchange occurred:

> [APPELLANT'S COUNSEL]: We were set today for sentencing in front of Judge Elizabeth Berry on an open plea.

---

[2] He also pled true to the enhancement allegation.

2

[Appellant], based on my advice, pled guilty to this charge awhile back.

There's a long history in this court. It's a 2007 case that Judge Berry's aware of, a lot of history going forward with illness and court appearances and bond caseload that has been discussed with Judge Berry prior to my client being advised by me to enter an open plea in front of Judge Berry. And based on my advice, my client did that, and based on my advice that Judge Berry would be the one determining the sentence in this case after we waived all of our constitutional rights and did a presentence investigation.

That was completed and myself and my client appear in court today and for the first time are very surprised to learn that Judge Berry is not here and that you, yourself, Judge Vick is here.

So obviously, you know, I have some issues with that and I'm in a real precarious position. And I want to tell the Court this is in no way an attack on you, Judge. I hope you understand that. It's just there's a lot of history here and this case is extremely important to me and there's been some discussions had. So I feel that truly all of the advice I gave my client is not based on a voluntary plea that's predicated at this point because it was based on the historical perspective of the judge that we pled to.

I'm aware of the case law that says, you know, a visiting judge can sit. But I'm trying to find anything so that I can see that due process and fairness occurs in this case. And once again, Judge, not to say you wouldn't be fair, it's just you're not privy to a lot of the history here and my client's plea was predicated on Judge Berry's knowledge of this situation.

I am shocked and I would be surprised in this nature. I don't think it's fair and I don't think it's due process and this is a situation that's extenuating, and I think it's difficult. The reality of the situation is all of us know when I'm advising a client, a visiting judge I think would generally have less leeway when we're talking about sentencing somebody who was not probation eligible, and that's what I'm begging for in this case is a deferred adjudication

3

probation.  I think the judge of that court would have much more personal authority over her docket to make a decision like that.  And I do believe in advising a client as to the voluntariness of what we should do, the intelligent waiver of all your rights when a visiting judge comes in, I think that's more difficult not knowing the history to even consider going forward with a deferred adjudication because it's not your docket and it's going out on a limb.

And in my personal experience, 30 years in this practice and a prosecutor, visiting judges have a very difficult time going out on a limb like that.

All these factors were predicated on my advice to [appellant] to enter a plea of guilty to Judge Berry.  And so at this time I would advise him to withdraw his plea of guilty.  I think his plea is predicated on involuntary - - it is involuntary, it is untintelligent because I would advise him completely different had I known we had a visiting judge.  I would not [have] advised him to plead guilty if I had known it was a judge who didn't know any of the historical issues in this case, I would not [have] advised him to plead guilty.

So at this juncture I do believe his plea is involuntary.  I do believe I would be ineffective to proceed at this time with my client's plea of guilty given these circumstances that I think rise to the level of unfairness and a due process violation.

For all of those reasons that I'm trying to cover, I'm gonna ask the Court to either, A - - and let me state this just so the record's clear.  When I arrived here I explained some of these issues to you, and you would agree it would be okay if we passed it.  The prosecutor agreed to allow us to wait until Judge Berry got back.  And I guess we got a phone call that ordered us to proceed, is that correct, Judge?

THE COURT:     I don't know about ordered us to proceed; go ahead and do the docket.

[APPELLANT'S COUNSEL]:     So everybody was in agreement to go ahead, let Judge Berry hear the sentencing.  But then it's my

4

understanding that . . . I guess I'll ask the Court, can we wait until Judge Berry gets back given all of these due process considerations?

THE COURT: Okay. As I understand it, Judge Berry evidently doesn't think she knows anything about the case that needs her here to do this. So at this point I would proceed with hearing it.

Judge Vick thus denied appellant's motion to postpone the hearing until Judge Berry could preside.

Appellant's counsel then called appellant to the stand. In response to questioning, appellant testified that he would not have pled guilty had he known that Judge Berry would not be the judge assessing his sentence and that if any judge other than Judge Berry had been presiding at the February 25 hearing, he would not have pled guilty. Appellant testified that his guilty plea had thus become involuntary and he wished to withdraw it.

Appellant agreed that his plea was voluntary when he made it but contended that it had become involuntary due to the changed circumstances. He also additionally objected on due process grounds to a new judge presiding in the middle of a unitary proceeding. The trial court overruled that objection as well.

## Issue on Appeal

In a single issue, appellant contends that Judge Vick's denial of his motion for continuance, coupled with the denial of his motion to withdraw his guilty plea, was error because the plea had become involuntary.

## Applicable Law

A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied,* 549 U.S. 1052 (2006); *State v. Collazo*, 264 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Accordingly, to be consistent with due process of law, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Kniatt*, 206 S.W.3d at 664; *Jackson v. State*, 139 S.W.3d 7, 13 (Tex. App.—Fort Worth 2004, pet. ref'd). A plea that was not entered knowingly and voluntarily violates due process; thus, it is void. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171 (1969); *Houston v. State*, 201 S.W.3d 212, 221 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Once a trial court has accepted a defendant's guilty plea and taken the issue of sentencing under advisement, an accused's guilty plea may be withdrawn only if the trial court, acting within its discretion, permits such

6

withdrawal. *Williams v. State*, 265 S.W.3d 715, 719–20 (Tex. App.—Texarkana 2008, no pet.); *Labib v. State*, 239 S.W.3d 322, 331 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Crumpton v. State*, 179 S.W.3d 722, 723 n.2 (Tex. App.—Fort Worth 2005, pet. ref'd). The case has been taken under advisement after the trial court has admonished the defendant, received the plea and evidence, and passed the case for a PSI. *Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *Crumpton*, 179 S.W.3d at 724 & n.6 (citing *Jackson v. State*, 590 S.W.2d 514 (Tex. Crim. App. 1979)). A defendant who attests during the initial plea hearing that his plea is voluntary bears a "heavy burden" to prove in a subsequent hearing that he entered the plea involuntarily. *Coronado v. State*, 25 S.W.3d 806, 809 (Tex. App.—Waco 2000, pet. ref'd); *Cantu v. State*, 988 S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

**Analysis**

Appellant contended at trial that his guilty plea was predicated on Judge Berry's sentencing him because she was familiar with the historical issues in the case. But appellant never specified what those issues were, nor how only Judge Berry was uniquely qualified to address those issues. As Judge Vick observed, "Judge Berry evidently doesn't think she knows anything about the case that needs her here to do this."

7

A defendant is not entitled to a judge of his or her choice. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). A judge who did not preside over trial may nevertheless assess punishment. *Woods v. State*, 569 S.W.2d 901, 902–03 (Tex. Crim. App. 1978), *cert. denied*, 453 U.S. 913 (1981); *Sanchez v. State*, 124 S.W.3d 767, 768 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

Before accepting appellant's guilty plea, Judge Berry admonished him in accordance with article 26.13; under that article, she was not required to additionally admonish him she might not be the presiding judge during subsequent proceedings. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2009). Because appellant was not entitled to the judge of his choice—and because he points to no specific reason why Judge Berry would have decided his punishment differently than Judge Vick[3]—we conclude and hold that Judge Vick did not abuse his discretion by refusing to allow appellant to withdraw his guilty plea. *See Sanchez*, 124 S.W.3d at 768; *Mayo v. State*, No. 05-05-01523-CR, 2006 WL 3086191, at *1 (Tex. App.—Dallas Nov. 1, 2006, no pet.) (mem. op., not designated for publication).

---

[3] Appellant did not move to recuse Judge Vick, nor did he have any specific complaints about Judge Vick presiding; he simply wanted to have Judge Berry preside instead.

**Conclusion**

We overrule appellant's sole issue and affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 19, 2009