COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-133-CR

 

 

BERT SHEFFER                                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Bert Sheffer brings a single issue challenging the voluntariness of his open
plea of guilt, which resulted in his conviction and enhanced twenty-year
sentence for possession of four or more, but less than two hundred, grams of
methamphetamine with the intent to deliver. 
See Tex. Health & Safety Code Ann. ''
481.102(6), 481.112(a), (d) (Vernon Supp. 2009); Tex. Penal Code Ann. '
12.42(c)(1) (Vernon Supp. 2009).  We
affirm.

Factual and Procedural Background

On
February 25, 2008, appellant pled guilty before the presiding judge of Criminal
District Court Number Three, Judge Elizabeth Berry, after she admonished
appellant on the range of punishment and the consequences of pleading guilty.[2]  Appellant asked the trial court to assess
punishment after the preparation of a presentence investigation report
(PSI).  When asked if he were pleading
guilty and true Afreely and voluntarily@ and Abecause
you are guilty and because the allegations are true,@
appellant answered, AYes.@  The trial court admitted appellant=s
signed, written admonishments and concluded as follows:  AI
accepted your pleas.  I=m not
going to make findings on those . . . until your pre-sentence report has been
prepared.@

The
trial court set a hearing for April 24, 2009; Judge Phillip Vick was presiding
as a visiting judge.  At the beginning of
the hearing, the following exchange occurred:

[APPELLANT=S COUNSEL]:    We
were set today for sentencing in front of Judge Elizabeth Berry on an open
plea.

 








[Appellant], based on my advice, pled guilty to
this charge awhile back.

 

There=s a long history in this court.  It=s a 2007 case that Judge Berry=s aware of, a lot of
history going forward with illness and court appearances and bond caseload that
has been discussed with Judge Berry prior to my client being advised by me to
enter an open plea in front of Judge Berry. 
And based on my advice, my client did that, and based on my advice that
Judge Berry would be the one determining the sentence in this case after we
waived all of our constitutional rights and did a presentence investigation.

 

That was completed and myself and my client
appear in court today and for the first time are very surprised to learn that
Judge Berry is not here and that you, yourself, Judge Vick is here.

 

So obviously, you know, I have some issues with
that and I=m in a real precarious
position.  And I want to tell the Court
this is in no way an attack on you, Judge. 
I hope you understand that. It=s just there=s a lot of history here and this case is
extremely important to me and there=s been some discussions had.  So I feel that truly all of the advice I gave
my client is not based on a voluntary plea that=s predicated at this
point because it was based on the historical perspective of the judge that we
pled to.

 

I=m aware of the case law that says, you know, a
visiting judge can sit.  But I=m trying to find anything
so that I can see that due process and fairness occurs in this case.  And once again, Judge, not to say you wouldn=t be fair, it=s just you=re not privy to a lot of
the history here and my client=s plea was predicated on Judge Berry=s knowledge of this
situation.

 








I am shocked and I would be surprised in this
nature.  I don=t think it=s fair and I don=t think it=s due process and this is
a situation that=s extenuating, and I
think it=s difficult.  The reality of the situation is all of us
know when I=m advising a client, a
visiting judge I think would generally have less leeway when we=re talking about
sentencing somebody who was not probation eligible, and that=s what I=m begging for in this
case is a deferred adjudication probation. 
I think the judge of that court would have much more personal authority
over her docket to make a decision like that. 
And I do believe in advising a client as to the voluntariness of what we
should do, the intelligent waiver of all your rights when a visiting judge
comes in, I think that=s more difficult not
knowing the history to even consider going forward with a deferred adjudication
because it=s not your docket and it=s going out on a limb.

 

And in my personal experience, 30 years in this
practice and a prosecutor, visiting judges have a very difficult time going out
on a limb like that.

 

All these factors were predicated on my advice to
[appellant] to enter a plea of guilty to Judge Berry.  And so at this time I would advise him to
withdraw his plea of guilty.  I think his
plea is predicated on involuntary - - it is involuntary, it is untintelligent
because I would advise him completely different had I known we had a visiting
judge.  I would not [have] advised him to
plead guilty if I had known it was a judge who didn=t know any of the
historical issues in this case, I would not [have] advised him to plead guilty.

 

So at this juncture I do believe his plea is
involuntary.  I do believe I would be
ineffective to proceed at this time with my client=s plea of guilty given
these circumstances that I think rise to the level of unfairness and a due
process violation.

 

For all of those reasons that I=m trying to cover, I=m gonna ask the Court to
either, A - - and let me state this just so the record=s clear.  When I arrived here I explained some of these
issues to you, and you would agree it would be okay if we passed it.  The prosecutor agreed to allow us to wait
until Judge Berry got back.  And I guess
we got a phone call that ordered us to proceed, is that correct, Judge?

 

THE COURT:       I
don=t know about ordered us
to proceed; go ahead and do the docket.

 








[APPELLANT=S COUNSEL]:    So
everybody was in agreement to go ahead, let Judge Berry hear the
sentencing.  But then it=s my understanding that .
. . I guess I=ll ask the Court, can we
wait until Judge Berry gets back given all of these due process considerations?

 

THE
COURT:       Okay.  As I understand it, Judge Berry evidently
doesn=t think
she knows anything about the case that needs her here to do this.  So at this point I would proceed with hearing
it.

Judge Vick thus denied appellant=s motion
to postpone the hearing until Judge Berry could preside.

Appellant=s
counsel then called appellant to the stand. 
In response to questioning, appellant testified that he would not have
pled guilty had he known that Judge Berry would not be the judge assessing his
sentence and that if any judge other than Judge Berry had been presiding at the
February 25 hearing, he would not have pled guilty.  Appellant testified that his guilty plea had
thus become involuntary and he wished to withdraw it.

Appellant
agreed that his plea was voluntary when he made it but contended that it had
become involuntary due to the changed circumstances. He also additionally
objected on due process grounds to a new judge presiding in the middle of a
unitary proceeding.  The trial court
overruled that objection as well.








Issue on
Appeal

In a
single issue, appellant contends that Judge Vick=s denial
of his motion for continuance, coupled with the denial of his motion to
withdraw his guilty plea, was error because the plea had become involuntary.

Applicable Law

A guilty
plea constitutes a waiver of three constitutional rights:  the right to a jury trial, the right to
confront one=s accusers, and the right not to
incriminate oneself.  Kniatt v. State,
206 S.W.3d 657, 664 (Tex. Crim. App.), cert. denied, 549 U.S. 1052
(2006); State v. Collazo, 264 S.W.3d 121, 127 (Tex. App.CHouston
[1st Dist.] 2007, pet. ref=d).  Accordingly, to be consistent with due
process of law, a guilty plea must be entered knowingly, intelligently, and
voluntarily.  Kniatt, 206 S.W.3d
at 664; Jackson v. State, 139 S.W.3d 7, 13 (Tex. App.CFort
Worth 2004, pet. ref=d).  A plea that was not entered knowingly and
voluntarily violates due process; thus, it is void.  McCarthy v. United States, 394 U.S.
459, 466, 89 S. Ct. 1166, 1171 (1969); Houston v. State, 201 S.W.3d 212,
221 (Tex. App.CHouston [14th Dist.] 2006, no
pet.).








Once a
trial court has accepted a defendant=s guilty
plea and taken the issue of sentencing under advisement, an accused=s guilty
plea may be withdrawn only if the trial court, acting within its discretion,
permits such withdrawal.  Williams v.
State, 265 S.W.3d 715, 719B20 (Tex.
App.CTexarkana
2008, no pet.); Labib v. State, 239 S.W.3d 322, 331 (Tex. App.CHouston
[1st Dist.] 2007, no pet.); Crumpton v. State, 179 S.W.3d 722, 723 n.2
(Tex. App.CFort Worth 2005, pet. ref=d).  The case has been taken under advisement
after the trial court has admonished the defendant, received the plea and
evidence, and passed the case for a PSI. 
Jagaroo v. State, 180 S.W.3d 793, 802 (Tex. App.CHouston
[14th Dist.] 2005, pet. ref=d); Crumpton,
179 S.W.3d at 724 & n.6 (citing Jackson v. State, 590 S.W.2d 514
(Tex. Crim. App. 1979)).  A defendant who
attests during the initial plea hearing that his plea is voluntary bears a Aheavy
burden@ to
prove in a subsequent hearing that he entered the plea involuntarily.  Coronado v. State, 25 S.W.3d 806, 809
(Tex. App.CWaco 2000, pet. ref=d); Cantu
v. State, 988 S.W.2d 481, 484 (Tex. App.CHouston
[1st Dist.] 1999, pet. ref=d). 

Analysis

Appellant
contended at trial that his guilty plea was predicated on Judge Berry=s
sentencing him because she was familiar with the historical issues in the
case.  But appellant never specified what
those issues were, nor how only Judge Berry was uniquely qualified to address
those issues.  As Judge Vick observed, AJudge
Berry evidently doesn=t think she knows anything about
the case that needs her here to do this.@








A
defendant is not entitled to a judge of his or her choice.  Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984).  A judge who did
not preside over trial may nevertheless assess punishment.  Woods v. State, 569 S.W.2d 901, 902B03 (Tex.
Crim. App. 1978), cert. denied, 453 U.S. 913 (1981); Sanchez v. State,
124 S.W.3d 767, 768 (Tex.  App.CHouston
[1st Dist.] 2003, no pet.).

Before
accepting appellant=s guilty plea, Judge Berry admonished
him in accordance with article 26.13; under that article, she was not required
to additionally admonish him she might not be the presiding judge during
subsequent proceedings.  See Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2009).  Because appellant was not entitled to the
judge of his choiceCand because he points to no
specific reason why Judge Berry would have decided his punishment differently
than Judge Vick[3]Cwe
conclude and hold that Judge Vick did not abuse his discretion by refusing to
allow appellant to withdraw his guilty plea. 
See Sanchez, 124 S.W.3d at 768; Mayo v. State, No.
05-05-01523-CR, 2006 WL 3086191, at *1 (Tex. App.CDallas
Nov. 1, 2006, no pet.) (mem. op., not designated for publication).








Conclusion

We
overrule appellant=s sole issue and affirm the
trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL:  CAYCE, C.J.; LIVINGSTON
and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]He also pled true to the
enhancement allegation.





[3]Appellant did not move to
recuse Judge Vick, nor did he have any specific complaints about Judge Vick
presiding; he simply wanted to have Judge Berry preside instead.