PD-0211-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/20/2015 3:15:30 PM
Accepted 2/26/2015 11:06:00 AM
ABEL ACOSTA
CLERK

NO. PD-

IN THE
COURT OF CRIMINAL APPEALS

JASON DAX CREEK,
                                  Appellant,

v.

THE STATE OF TEXAS,
                                  Appellee.

On Discretionary Review From An Opinion Of The
Court of Appeals For The Eleventh Supreme Judicial
District Of Texas In Cause No. 11-13-00009-CR

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

February 26, 2015

ABEL ACOSTA, CLERK

BRENT A. MORGAN
1902 W. ILLINOIS
MIDLAND, TEXAS 79701
(432) 683-2703
(432) 684-7314 FAX NUMBER
STATE BAR I.D. NO. 24051084
ATTORNEY FOR APPELLANT
(COURT-APPOINTED)

NO. PD-

IN THE
COURT OF CRIMINAL APPEALS

---

JASON DAX CREEK,

Appellant,

v.

THE STATE OF TEXAS,

Appellee.

---

On Discretionary Review From An Opinion Of the
Court of Appeals For The Eleventh Supreme Judicial
District of Texas In Cause No. 11-13-00009-CR

---

PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW the Appellant, JASON DAX CREEK, by and through his

attorney of record, Brent A. Morgan, who files this his Petition For Discretionary

Review, wherein he respectfully urges this Honorable Court to grant Discretionary

Review of the above styled and numbered cause pursuant to the rules of this Court, and in support thereof, the Appellant would respectfully show this Honorable Court as follows:

## IDENTITY OF PARTIES AND COUNSEL

The parties are as follows:

1.    JASON DAX CREEK, Appellant.

2.    Teresa Clingman representing the State of Texas, Appellee.

The defense attorney at trial was C.H. (Hal) Brockett, Jr. 24 Smith Road, Suite 400, Midland, Texas 79707, and Brent A. Morgan, 1902 W. Illinois, Midland, Texas, 79701, is counsel on appeal for Appellant.

The State's counsel at trial was Tommy Hull, Assistant District Attorney, Midland County Courthouse, 500 N. Loraine, Second Floor, Midland, Texas 79701, and counsel on appeal is Carolyn Thurmond, Assistant District Attorney.

The trial judge was Honorable George D. "Jody" Gilles, of the 142nd District Court of Midland County, Texas.

# TABLE OF CONTENTS

Page

Identity of Parties.......................................................................... iii

Index of Authorities........................................................... v

Statement Regarding Oral Argument .......................................... 1

Statement Of the Case................................................................ 2

Statement of Procedural History ............................................... 2

Ground For Review...................................................................... 3

      WHEN A SITTING JUDGE HEARS A GUILTY PLEA AND
      IS AVAILABLE TO HEAR THE PUNISHMENT PHASE, A
      VISITING JUDGE SHOULD NOT BE PERMITTED TO
      DECIDE PUNISHMENT.

Reason for Review ...................................................................... 3

      DEFENSE COUNSEL CANNOT PROPERLY ADVISE
      THEIR CLIENTS IF THEY ARE UNAWARE OF WHAT
      JUDGE WILL BE PRESIDING OVER THEIR PUNISHMENT
      HEARING

Argument and Authorities........................................................... 4

Conclusion and Prayer................................................................ 10

Certificate of Service.................................................................. 11

Certificate of Compliance........................................................... 12

Appendix - Opinion of the Eastland Court of Appeals.............. 13

# INDEX OF AUTHORITIES

STATUTES                                                              PAGE

TEX. CODE CRIM. P. Art. 42.12                                          7



CASES

*Balderas v. State*, 497 S.W.2d 298 (Tex. Crim. App. 1973)            7

*Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992)         6

*Ex Parte Battle*, 817 S.W.2d 81, 84 (Tex. Crim. App. 1991)          5

*Mistretta v. United States*, 488 U.S. 361, 364-65 (1989)            5

*Sanchez v. State*, 124 S.W.3d 767
    (Tex. App.–Houston [1st Dist.] 2003, no pet.)                     8

*State v. Kelley*, 20 S.W.3d 147, 150
    (Tex. App.–Texarkana 2000, no pet.)                              6

*Woods v. State*, 569 S.W.2d 901, 902-03 (Tex. Crim. App. 1978)      7

No. PD-

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

JASON DAX CREEK                                                    Appellant

v.

THE STATE OF TEXAS                                                 Appellee

\* \* \* \* \*

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, the Appellant, JASON DAX CREEK, by and through his attorney of record, Brent A. Morgan, and respectfully urges this Court to grant discretionary review of the above named cause, pursuant to the rules of the Court.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

1

## STATEMENT OF THE CASE

Appellant was charged by indictment with driving while intoxicated (C.R. 8-9). To this allegation, Appellant pled "guilty". Following a bench trial, Appellant was found "guilty" as alleged in the indictment (C.R. 63-68). He was sentenced by the trial court to fifteen (15) years imprisonment (C.R. 63-68). A timely notice of appeal was filed by Appellant (C.R. 85). In addition, a Motion for New Trial was filed (C.R. 70-74), which was denied after a hearing (C.R. 82).

## STATEMENT OF PROCEDURAL HISTORY

In addition to the procedural history of the case set forth above in the "Statement of The Case,", the Eastland Court of Appeals affirmed the conviction on direct appeal on January 22, 2014.

## GROUND FOR REVIEW

WHEN A SITTING JUDGE HEARS A GUILTY PLEA AND IS AVAILABLE TO HEAR THE PUNISHMENT PHASE, A VISITING JUDGE SHOULD NOT BE PERMITTED TO DECIDE PUNISHMENT.

## REASON FOR REVIEW

DEFENSE COUNSEL CANNOT PROPERLY ADVISE THEIR CLIENTS IF THEY ARE UNAWARE OF WHAT JUDGE WILL BE PRESIDING OVER THEIR PUNISHMENT HEARING

## ARGUMENT AND AUTHORITIES

## GROUND FOR REVIEW

Appellant contends, for the reasons set forth below, the trial court abused its discretion when it failed to grant his motion for new trial based upon the interests of justice.

The decision below correctly and accurately states the facts. As pertinent here, the facts are as follows:

Appellant pled guilty to a felony driving while intoxicated. Appellant was aware of the range of punishment he had for his crimes (R.R.4 16-17). The Honorable George "Jody" Gilles presided over the guilty plea, but stated he would set the case for a punishment trial (R.R.4 23).

A visiting judge, the Honorable James Rex, presided over the sentencing, and set Appellant's punishment at fifteen years imprisonment.

Appellant filed a motion for new trial, with defense counsel arguing he advised Appellant to plea guilty and to go to the court for punishment because counsel believed the Honorable Jody Gilles, who heard the plea, would also hear the evidence and pronounce sentence. While nothing in the record indicates a five year offer was made, both parties seemed to agree such an offer was made and rejected by Appellant (R.R.6 9, 11). At the hearing on the motion for new trial, the State argued counsel

4

forfeited any claim when it announced ready in front of a visiting judge. Appellant's counsel stated the court coordinator gave Appellant two dates with two different judges, neither of whom were Judge Gilles, and stated the announcement of ready was simply because the Court had already stated, off the record, he only had one option. The trial court found no substantive or fundamental right of Appellant's was denied, and overruled the motion for new trial (R.R.7 6-7).

The Eleventh Court of Appeals held that a visiting judge, who was validly assigned and assessed punishment, does not affect a defendant's right to a fair trial. The Eleventh Court of Appeals failed to account for the fact that every judge is different. When defense counsel advises a client on whether to accept or reject a plea deal, he does based upon a number of factors, including the court in which defense counsel expects to determine punishment.

It has already been established that "A failure by trial counsel to advise a criminal defendant about legal concepts that may affect his decision to accept or reject a plea offer may constitute deficient performance." *Ex Parte Battle*, 817 S.W.2d 81, 84 (Tex. Crim. App. 1991). The United States Sentencing Commission was tasked with establishing guidelines for federal sentences simply because judges differed so greatly in sentencing similarly situated defendants. *See Mistretta v. United States*, 488 U.S. 361, 364-65 (1989). Since Judge Rex was not assigned to

5

the case at the time Appellant chose to reject his plea offer, failing to assign a visiting judge until after a defendant must make his decision leaves him and his counsel with an impossible task. Different judges will reach different sentences based on the same set of facts. To hold otherwise ignores what Congress studied thirty years ago in establishing the U.S. Sentencing Commission.

Appellant notes the granting or denying of a motion for new trial rests within the sound discretion of the court. *State v. Kelley*, 20 S.W.3d 147, 150 (Tex. App.–Texarkana 2000, no pet.). An appellate court will only reverse if the trial court's decision was clearly wrong and outside the zone of reasonable disagreement. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). The ruling of the trial court is presumed to be correct, and the appellant bears the burden to establish the contrary. *Kelley*, 20 S.W.3d at 150-51.

Trial counsel argued, in his motion and at the hearing, the motion for new trial should be granted based upon the interests of justice. Trial courts have always had the authority to grant a motion for new trial based upon the interests of justice. *Id.* at 151. Appellant cannot find any case in which the presiding judge of a court, who took the guilty plea, then assigned the punishment phase to a visiting judge before the punishment took place without any showing the presiding judge was unavailable. However, this case meets the interests of justice standard.

Appellant was offered five years imprisonment for his sixth driving while intoxicated offense, far lower than he would have received had he been convicted after a jury trial. At the hearing on the motion for new trial, defense counsel stated he advised him to reject the offer and proceed to an open plea before the trial court. At no point prior to the plea had a visiting judge been assigned to the case. Only *after* the guilty plea had taken place did the trial court assign a visiting judge to hear the sentencing (C.R. 61).

Appellant recognizes the Court of Criminal Appeals has held different judges can preside over a trial and sentencing. *Woods v. State*, 569 S.W.2d 901, 902-03 (Tex. Crim. App. 1978) (finding different judges can sit at different stages of pleas). However, Appellant can find no case law in which a court has held an assignment can occur *after* a guilty plea when the presiding judge was still available. The closest case Appellant can find is *Balderas v. State*, 497 S.W.2d 298 (Tex. Crim. App. 1973). In *Balderas*, a visiting judge heard a plea of guilty, and then the sitting judge of the district court heard the defendant's motion for probation. The Court of Criminal Appeals found nothing which showed a violation of TEX. CODE CRIM. P. Art. 42.12. *Id.* The instant case differs due to the expectations of the defendants. In *Balderas*, the defendant was sentenced by the presiding judge of the district court, which was reasonable to expect. Appellant pled guilty with the presiding judge and

7

with no assignment of a visiting judge filed. Under these circumstances and unlike the defendant in **Balderas**, Appellant had no reason to believe anyone other than the presiding judge of the 142nd District Court would decide Appellant's punishment.

Another close case is **Sanchez v. State**, 124 S.W.3d 767 (Tex. App.–Houston [1st Dist.] 2003, no pet.). In that case, after the defendant pled guilty, the district judge was assigned to the Court of Criminal Appeals, and the governor assigned a new judge to the district court. **Id.** at 768. At sentencing, the new district judge sentenced him to twenty years imprisonment. **Id.** The First Court of Appeals held the guilty pleas were not involuntary as the defendant because there was no agreement to be sentenced by a particular judge. **Id.** **Sanchez** differs from the case at bar in that, like **Balderas**, the defendant in **Sanchez** was sentenced by the presiding judge of the district court. Additionally, Judge Gilles is still the presiding judge of the 142nd District Court, as evidenced by the fact Judge Gilles heard the motion for new trial.

While "interests of justice" is a broad term, the circumstances in the case at bar warranted the granting of a new trial. Appellant's rejection of the plea bargain offer was based upon the presiding judge deciding his punishment. No visiting judge had been assigned to the case when Appellant made such a decision. Appellant requests this Honorable Court to grant this Petition for Discretionary Review, remand the case

to either allow Appellant to withdraw his plea of guilty, order Judge Gilles to sentence Appellant, or require specific performance of plea agreement.

## CONCLUSION AND PRAYER

WHEREFORE, Appellant prays that, for the reasons set forth above, that this Petition for Discretionary Review be, in all things, granted, and a new trial should be ordered. The Appellant prays for any and all other relief to which he may be justly entitled.

Respectfully submitted,

BRENT A. MORGAN
1902 W. ILLINOIS
MIDLAND, TEXAS 79701
(432) 683-2703 - TELEPHONE
(432) 684-7314 - FAX
MANDYC@TOMSMORGAN.COM

By:_____
    BRENT A. MORGAN
    STATE BAR NO. 24051084
    ATTORNEY FOR APPELLANT

10

## CERTIFICATE OF SERVICE

I, Brent A. Morgan, hereby certify that on the __23rd__ day of February, 2015, a true and correct copy of the foregoing Appellant's Petition For Discretionary Review was hand delivered to the District Attorney, Midland County Courthouse, 500 N. Lorraine, Midland, Texas; and, was mailed by certified mail, return receipt requested, to the State Prosecuting Attorney, P. O. Box 12405, Capitol Station, Austin, Texas 78711.

BRENT A. MORGAN

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.  This petition complies with the type-volume limitation of TEX. R. APP. P. 9.4
    because:

    this petition contains ___1,448___ words.

2.  This petition complies with the typeface requirements of TEX. R. APP. P. 9.4
    and the type style requirements of TEX. R. APP. P. 9.4 because:

    this petition has been prepared in a proportionally spaced typeface using __
    COREL WORDPERFECT X4   in   14, TIMES NEW ROMAN  .

    _____
    Attorney for Appellant



In The

# Eleventh Court of Appeals

No. 11-13-00009-CR

## JASON DAX CREEK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 142nd District Court

Midland County, Texas

Trial Court Cause No. CR39111

## MEMORANDUM OPINION

Jason Dax Creek, appellant, entered an open plea of guilty to the felony offense of driving while intoxicated with two prior DWI convictions, and he pleaded true to the enhancement allegation in which the State alleged a prior felony conviction. After a hearing, the trial court assessed punishment at confinement for a term of fifteen years. Appellant argues on appeal that the trial court should have

granted his motion for new trial and that he received ineffective assistance of counsel. We affirm.

Before he pleaded guilty in this case, Appellant apparently rejected a five-year plea offer from the State. Appellant's trial counsel advised him to turn down the five-year offer because counsel believed that Appellant would receive a lighter sentence based on counsel's prior experience with the trial court. Appellant rejected the offer and pleaded guilty. The trial court found Appellant guilty and informed him that it would contact Appellant's counsel on August 29, 2012, to set a hearing on punishment. On August 27, 2012, the presiding administrative judge assigned Senior Judge James L. Rex to the 142nd District Court for five days beginning October 1, 2012. When the trial court contacted the parties to set a hearing, it apparently provided two dates during that time period and indicated that the proceedings on both dates would be presided over by a visiting judge.

Judge Rex presided over Appellant's punishment hearing on October 3, 2012. The State introduced evidence of a 911 call, the traffic stop, and field sobriety tests. Appellant testified and called several character witnesses, including a psychologist, his mother, and his fiancée. In his closing argument to the trial court, Appellant's counsel did not ask for a specific sentence but asked that Appellant be put into a program where he could continue counseling and be monitored rather than be sentenced to a term of imprisonment. The State argued that Appellant had been in prison for two felony DWIs and was on probation for a new felony offense when he was arrested in this case and that Appellant had already had a second chance. The State contended, "At some point, chance nine, chance ten, chance 11, enough is enough. And it's time to send someone to the penitentiary." The trial court assessed punishment at confinement for a term of fifteen years.

Appellant's trial counsel filed a motion for new trial and attached his own affidavit in which he stated that, because Judge Jody Gilles found Appellant guilty, "[i]t came as quite a surprise to Defendant and defense counsel that Judge Gilles would not be presiding over the sentencing trial." At the hearing on Appellant's motion, his trial counsel said that he was also surprised that he could not object to the assignment. Appellant's counsel said that he had advised Appellant to reject a five-year plea offer because he believed—based on prior dealings with Judge Gilles—that Appellant would receive a lighter sentence from him. Appellant argued that the trial court had the authority to grant a new trial on punishment and asked the court to exercise that authority because he believed that, under these facts, a new trial was warranted in the interest of justice. The State argued that Appellant took a chance when he rejected the five-year plea offer and that, because of judicial economy and the precedent that it would set, granting a new punishment hearing was not in the interest of justice. When it denied Appellant's motion for new trial, the trial court explained that the issue was whether a substantive or fundamental right was affected, and it reasoned that the ability to have a hearing before a specific judge is not a substantive right. Appellant appeals this ruling and also claims that counsel was ineffective because counsel based his advice on a misunderstanding of the law.

We first address Appellant's complaint that the trial court erred when it denied his motion for new trial. We review a ruling on a motion for new trial for an abuse of discretion. *State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). We consider the evidence in the light most favorable to the ruling and defer to the trial court's credibility determinations. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). "The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present an appropriate case for the trial court's action, but rather, 'whether the trial court acted without reference to any

guiding rules or principles.'" *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014) (quoting *Herndon*, 215 S.W.3d at 907). A trial judge "cannot grant a new trial on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or 'received a raw deal.'" *Herndon*, 215 S.W.3d at 907. A "trial court does not have discretion to grant a new trial unless the defendant shows that he is entitled to one under the law." *Id.* It is an abuse of discretion to grant "a new trial for a non-legal or a legally invalid reason." *Thomas*, 428 S.W.3d at 104.

A trial court *must* grant a new trial based on certain grounds stated in the Texas Rules of Appellate Procedure, and a trial court *may* grant a new trial in other circumstances, including when it concludes that the trial resulted in a miscarriage of justice. *Herndon*, 215 S.W.3d at 907. Although a trial court has wide discretion when it rules on a motion for new trial in which a valid legal claim was raised, "it should exercise that discretion by balancing a defendant's 'interest of justice' claim against both the interests of the public in finality and the harmless-error standards set out in Rule 44.2." *Id.* at 908. A trial court does not have "discretion to grant a new trial unless the defendant demonstrates that his first trial was seriously flawed and that the flaws adversely affected his substantial rights to a fair trial." *Id.* at 909; *see also* TEX. R. APP. P. 44.2.

To review the trial court's ruling on the motion for new trial, the first step in the analysis is to determine whether the record shows that Appellant's first trial was "seriously flawed." *Herndon*, 215 S.W.3d at 909. In his motion for new trial, Appellant asked for "a new trial on punishment" and argued at the hearing that he was asking for a new trial "solely on punishment." Moreover, Appellant did not contend that his plea was involuntary or ask the trial court if he could withdraw his plea. Thus, our inquiry in this case is limited to whether the punishment phase was seriously flawed.

In his motion, Appellant argued that the trial court should grant a new trial "in the interest of justice." Appellant first argued that his fifteen-year sentence constituted cruel and unusual punishment and, alternatively, that there was "a serious flaw or error in the assessment of punishment that adversely affected his substantial right to a fair trial." At the hearing on the motion, Appellant's counsel argued that the court had the right to grant a new trial when there is a "serious flaw or error in punishment" and argued that "a 15-year sentence under the facts of this case was certainly a serious flaw."

The State argued at the hearing that Appellant failed to present a legal or factual reason to entitle him to a new trial. The State noted at the hearing that Appellant was not asking to withdraw his plea or to have a jury trial and argued that Appellant seemed to be unhappy with the first judge's decision and was "attempting to have another bite at the apple." When it denied the motion for new trial, the trial court explained that it had "not found any instance in which a substantive right or a fundamental right was denied to [Appellant]." The trial court believed that "the ability to have a hearing before a specific judge" is "not a substantive right."

Appellant first argues that his sentence violates the Eighth Amendment. According to the State, Appellant's sentence does not violate the Eighth Amendment because he pleaded guilty to the offense and true to the enhancement and because the fifteen-year sentence falls within the statutory range of two to twenty years. The State is correct in that, generally, a sentence is not cruel, unusual, or excessive if it falls within the range of punishment authorized by statute. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). The Eighth Amendment prohibits punishments that are "grossly disproportionate" to the offense for which the defendant has been convicted. *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd) (citing *Harmelin v.*

*Michigan*, 501 U.S. 957 (1991)). To evaluate the proportionality of a sentence, the first step is to make a threshold comparison between the gravity of the offense and the severity of the sentence. *Id.* If grossly disproportionate, we must then compare Appellant's sentence with the sentences in other cases for similar offenses. *Id.*

Appellant argues that the trial court "violated his Eighth Amendment right against cruel and unusual punishment" by sentencing him to fifteen years for this offense. This complaint focuses solely on the length of confinement, and Appellant fails to compare the sentence to the gravity of the offense. Appellant did not make an Eighth Amendment argument at the hearing, nor does he explain on appeal why the severity of a fifteen-year sentence is grossly disproportionate to the offense. The State argues that receiving "a longer prison sentence than he was offered with the plea bargain does not make for a disproportionate sentence." We agree.

The offense of driving while intoxicated is a Class B misdemeanor. TEX. PENAL CODE ANN. § 49.04(b) (West Supp. 2014). When the accused has been previously convicted two times of an offense related to operating a vehicle while intoxicated, the offense is a third-degree felony. *Id.* § 49.09(b). The State alleged in the indictment that Appellant had four[1] prior misdemeanor DWI convictions, and he was charged with felony DWI. In addition, the State alleged a prior felony DWI conviction to enhance his punishment to that of a second-degree felony. *See id.* § 12.42(a). Appellant pleaded guilty to the offense as charged in the indictment and pleaded true to the enhancement paragraph. Thus, Appellant admitted that he was driving while intoxicated on or about August 2, 2011, and that, before that, he had been convicted of driving while intoxicated in 1993, in 1994, in May 2003, in June 2003, and again in 2008. As enhanced, the range of punishment prescribed by the legislature is confinement for two to twenty years and up to a $10,000 fine.

---

[1]The first of five prior convictions alleged in the indictment was abandoned.

*See id.* § 12.33 (West 2011). Appellant's fifteen-year sentence is not at the top of the range, and the trial court did not assess a fine. Had this been Appellant's first DWI, he could have been sentenced to no more than 180 days in jail and up to a $2,000 fine. *See id.* §§ 12.22, 49.04(b). It is because of Appellant's prior DWI convictions and his prior felony conviction that he now faces a fifteen-year term of imprisonment.

The Supreme Court has recognized that life imprisonment for overtime parking would be grossly disproportionate but that, "for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative." *Rummel v. Estelle*, 445 U.S. 263, 274 (1980). After reviewing the record, we cannot say that a fifteen-year sentence was grossly disproportionate to the offense as enhanced. Accordingly, it was not error to deny Appellant's motion for new trial on Eighth Amendment grounds.

Appellant's second contention is that his fifteen-year sentence constitutes "a serious flaw or error in the assessment of punishment." Appellant fails, however, to explain why the length of his sentence alone constitutes a serious flaw, and we have already concluded that the sentence was not grossly disproportionate. Appellant argued at the hearing that the basis for a new trial was the "inability to object to the visiting judge" and the "inability to come to this Court and to you, Your Honor, for the sentencing in this case."

We first address whether the inability to have Judge Gilles assess punishment was a serious flaw in the punishment hearing. Appellant recognizes that "different judges can preside over a trial and sentencing" but contends that he cannot find any "case law in which a court has held an assignment can occur *after* a guilty plea when the [district] judge was still available." The Court of Criminal Appeals has held that, "when a regularly elected district judge" is assigned "to

another district court, it makes no difference if the judge of the court to which assignment is made is functioning and presiding over the said court at the same time." *Herrod v. State*, 650 S.W.2d 814, 817 (Tex. Crim. App. 1983). Moreover, it has been held that having a different judge assess punishment does not render a guilty plea involuntary. *See Sanchez v. State*, 124 S.W.3d 767, 768–69 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

We note that "it is proper for a different judge to sit at the punishment hearing." *Jackson*, 680 S.W.2d at 814. The presiding judge may assign a judge to try cases and dispose of accumulated business. TEX. GOV'T CODE ANN. § 74.056(a) (West 2013). Qualified visiting judges possess the same powers as the judge of the court to which the judge is assigned. *Id.* § 74.059(a). After Appellant had been found guilty, the presiding judge for the Seventh Administrative Judicial Region, Dean Rucker, entered an order assigning Senior Judge James L. Rex of the 109th District Court to sit on the 142nd District Court of Midland County for five days beginning on October 1, 2012. Appellant's hearing on punishment occurred on October 3, 2012. Appellant does not challenge the validity of the assignment or the constitutionality of the statute authorizing the assignment. Because Judge Rex had the same authority as Judge Gilles, we cannot conclude that the "inability" to have Judge Gilles assess punishment is a serious flaw, nor does that affect Appellant's right to a fair trial. Thus, we cannot conclude that it was error to deny Appellant's motion for new trial on this ground.

Appellant also argued that his inability to object to the visiting judge was a serious flaw. We disagree that Appellant was unable to object. It is well settled that, when a party in a civil case objects to the assignment of a visiting judge, "the judge shall not hear the case." GOV'T § 74.053(b); *see Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581 (Tex. Crim. App. 1993) (interpreting Section 74.053(d) not to apply to criminal cases). Although a criminal defendant's

objection to an assigned judge does not automatically preclude the judge from hearing the case, the defendant may nonetheless challenge the validity of the assignment. *See Wilson v. State*, 977 S.W.2d 379, 380 (Tex. Crim. App. 1998) (requiring pretrial objection to validity of expired assignment to preserve issue for appeal). A defendant can also challenge the qualifications of the judge and file a motion to recuse. *See* GOV'T § 74.059(c)(3). We therefore construe Appellant's complaint as an argument that he was unable to challenge a visiting judge who was properly assigned and otherwise qualified.

A defendant does not have the right to choose his judge. *See Benjamin v. State*, 874 S.W.2d 132, 134 (Tex. App.—Houston [14th Dist.] 1994, no pet.). And, as noted above, "it is proper for a different judge to sit at the punishment hearing." *Jackson*, 680 S.W.2d at 814. Consequently, we cannot conclude that the inability to object to a properly assigned and qualified judge—because the defendant prefers to have a different judge assess his punishment—constitutes a serious flaw in the assessment of punishment.

Appellant does not complain of any error that occurred during the punishment phase, nor does he explain how a substantial right was violated. Rather, Appellant seems to contend that, because of the unusual facts of this case, a new punishment hearing should be granted "in the interest of justice." However, Appellant is not entitled to a new hearing "unless the first proceeding was not in accordance with the law." *Herndon*, 215 S.W.3d at 907. After reviewing the record, we cannot conclude that the punishment hearing was not conducted in accordance with the law. Therefore, the trial court did not abuse its discretion when it denied Appellant's motion for new trial. Appellant's first issue is overruled.

In his second issue, Appellant contends that he was denied effective assistance of counsel during plea negotiations. The United States Constitution and

the Texas constitution guarantee individuals the right to assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The right to counsel means more than simply having a lawyer present; it requires effective assistance. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). A defendant does not have a right to errorless counsel but, rather, to objectively reasonable representation. *Id.* We review the totality of the representation and the circumstances of each case without the benefit of hindsight. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). The right to effective assistance of counsel applies to plea negotiations. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012).

To determine whether counsel rendered ineffective assistance at trial, we look at whether Appellant has shown by a preponderance of the evidence that the representation fell below an objective standard of reasonableness and, if so, whether Appellant has shown that there is a reasonable probability that the result would have been different but for trial counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Counsel's deficiency must be affirmatively demonstrated in the record because the court must not engage in retrospective speculation. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Appellant contends that his trial counsel advised him to reject a five-year offer from the State, enter an open plea of guilty, and allow the trial court to assess punishment and, thus, that he received ineffective assistance of counsel because the advice was based on a misunderstanding of law. We need not determine whether counsel's advice was based on a misunderstanding of law, however, because the record is not sufficiently developed to show that the result would have been different but for counsel's advice. Appellant did not testify at the hearing on the motion for new trial, and there is no evidence that Appellant would have accepted

the five-year plea offer absent the advice of counsel to reject the plea deal. Absent evidence that Appellant would have otherwise accepted the plea offer, Appellant has not satisfied the second prong of *Strickland*. *See Harvey v. State*, 97 S.W.3d 162, 170 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (requiring defendant—to establish prejudice—to show that he would have accepted the plea offer). Appellant's second issue is overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT
CHIEF JUSTICE

January 22, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.