

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00082-CR

---

KENNETH RAY HOLBERT, SR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 29644C, Honorable Ana Estevez, Presiding

---

February 2, 2023

## OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Kenneth Ray Holbert, Sr., Appellant, was charged with aggravated assault with a deadly weapon resulting in serious bodily injury.[1] He pleaded guilty without an agreement on sentencing, pleaded true to two prior felonies, and went to the trial court on punishment. A visiting judge presided and imposed a seventy-five-year sentence. Appellant sought a new punishment hearing via motion for new trial but, after a hearing

---

[1] See TEX. PENAL CODE ANN. §22.02(a)(1)–(2).

on the motion, the trial court declined to grant relief.  In this appeal, Appellant brings four issues: 1) trial counsel was ineffective for not seeking a continuance to review discovery provided the day of trial and to avoid sentencing in front of a visiting judge who trial counsel believed could impose a harsh sentence; 2) trial counsel was ineffective for not seeking out and interviewing Appellant's mother as a prospective punishment witness; 3) the first two grounds of error, if not sufficient on their own to support a new punishment hearing, constitute cumulative error; and 4) the trial court erred in imposing court-appointed attorney fees of $3,703.80.  The State concedes the fourth issue and we grant relief as to that issue.  We overrule issues one through three and affirm the sentence and judgment as modified.

## BACKGROUND

The State returned an indictment accusing Appellant of striking his girlfriend with a metal bar resulting in serious bodily injury.  Because of his multiple prior felony convictions, he faced an enhanced punishment range of up to ninety-nine years.[2] Appellant turned down an eight-year plea bargain offer and opted to pursue a strategy wherein he would plead guilty to the trial court and request probation, despite the fact he had already been in prison for two other felony assault convictions—one where the victim was his mother, and the other where the victim was, also, a girlfriend.  For those convictions, he received sentences of eight and ten years, respectively, although they ran concurrently.  His probation request was buttressed, in his mind, by his purported

---

[2] *See* TEX. PENAL CODE ANN. § 12.42(b).

2

rehabilitation while in county jail awaiting a resolution of the case and his desire to turn his life around.

On the day of the guilty plea, a visiting judge presided and the State upped its previously-declined offer to twenty years. Appellant declined that offer as well. On that day, trial counsel was provided new discovery.[3] Counsel did not seek a continuance to review the new discovery, nor did he seek a continuance to present his case to the sitting judge, even though he believed the visiting judge would probably impose a harsher sentence than the sitting judge.

The hearing commenced and Appellant testified on his own behalf. He largely acknowledged his past criminal behavior but indicated he had a troubled childhood. Appellant had been molested by both his uncle and a neighbor and had substance abuse issues from a young age. His sister had been sexually assaulted and his mother, who had worked as a prostitute, was routinely assaulted as well. He also mentioned a prior traumatic brain injury but indicated it only affected his memory. Appellant summarized his request for a ten-year deferred adjudication by essentially taking responsibility for all his prior behavior, indicating it was brought on by substance abuse, assuring the court that he was finished with methamphetamine, and stating that he had a "life plan" to turn his life around. The court disagreed, noting that Appellant was "a pretty violent individual," and imposed a seventy-five-year sentence.

---

[3] While not entirely clear from the record, this new discovery appears to have been photographs of Appellant's mother taken after she was assaulted by Appellant. Trial counsel was aware of the prior extraneous conduct but not aware of the photographs. Trial counsel described the photographs at the motion for new trial hearing as "worse" than he imagined. Appellant does not argue these photographs were exculpatory or mitigating. The photographs were displayed to a witness during the plea hearing, but not formally introduced into evidence.

Appellant's appellate counsel filed a motion for new trial alleging ineffective assistance of counsel for the same reasons argued on appeal. In support of the motion were affidavits from trial counsel and Appellant's mother, Rose Chapman. Chapman's affidavit mentioned Appellant's brain injury, bipolar diagnosis, and substance abuse issues as possible explanations for his criminal behavior. She also indicated she had forgiven him for assaulting her and that she was handicapped and needed Appellant at home to provide her care. But, and adverse to Appellant's sentencing strategy, she stated that the victim in the present case was "a liar" and the case was "based on a lie" and "a setup." Chapman concluded her affidavit by stating that she "would have [testified] to this if [she] had been called as a witness."

The sitting judge, who was absent for the sentencing hearing, granted a hearing on the motion for new trial and presided over the hearing. At that hearing, trial counsel and Appellant's mother, among others, testified.[4] Rejecting the ineffective assistance of counsel claim, the sitting judge denied relief on the motion for new trial and declined to grant Appellant a new punishment hearing. The order simply denied relief; no reasoning for the trial court's ruling appears from the record and no findings of fact or conclusions of law were requested or provided.

## RELEVANT LAW

To succeed on a claim of ineffective assistance, the defendant has the burden to prove that counsel's performance was both deficient and prejudicial to the outcome of the

---

[4] The affidavits from trial counsel and from Appellant's mother were not introduced at the hearing, but both witnesses were questioned about matters discussed in their affidavits.

proceeding. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). The deficiency prong requires a showing that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88. If there is a potentially reasonable strategy behind counsel's decisions, counsel's performance cannot be deficient. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005) ("[W]e commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it."). To establish prejudice from punishment-stage errors, we must find "a reasonable probability that, but for counsel's errors, the sentencing jury would have reached a more favorable verdict." *Pham v. State*, 639 S.W.3d 708, 713 (Tex. Crim. App. 2022) (citing *Ex parte Rogers*, 369 S.W.3d 858, 863 (Tex. Crim. App. 2012)). The Court of Criminal Appeals has distilled the prejudice inquiry into a question of fairness and reliability:

> The ultimate focus of the *Strickland* prejudice standard is the fundamental fairness of the proceeding whose result is being challenged. This requires the reviewing court to examine the totality of the evidence before the judge or jury and ask whether the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.

*Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018) (internal citations and quotations omitted). A failure to make a showing under either *Strickland* prong defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Both prongs need not be examined on review if one cannot be met. *Turner v. State*, 528 S.W.3d 569, 577 (Tex. App.—Texarkana 2016, no pet.) (*citing Strickland*, 466 U.S. at 697).

5

Given that Appellant raised his ineffective assistance claim in a motion for new trial, and evidence was heard at the hearing, we analyze the issue on appeal as a challenge to the trial court's denial of his new trial motion and review it under an abuse of discretion standard. *Charles v. State,* 146 S.W.3d 204, 208 (Tex. Crim. App. 2004); *Rodriguez v. State,* 553 S.W.3d 733, 748–49 (Tex. App.—Amarillo 2018, no pet.). Thus, we reverse only if the trial court's decision to deny the motion for new trial was arbitrary or unreasonable viewing the evidence in the light most favorable to the trial court's ruling. *Id.* at 749.

A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Charles,* 146 S.W.3d at 208. Further, when as here, the trial court makes no findings of fact regarding the denial of the motion for new trial, we ascribe to the court "implicit factual findings that support that trial judge's ultimate ruling on that motion when such implicit factual findings are both reasonable and supported in the record." *Johnson v. State,* 169 S.W.3d 223, 239 (Tex. Crim. App. 2005) (quoting *Charles*, 146 S.W.3d at 213).

**APPLICATION**

Ineffective Assistance of Counsel

Addressing issue one, we first assess the prejudice prong of *Strickland*. In sum, Appellant argues he received ineffective assistance because counsel failed to exploit the newly discovery by requesting a continuance, in the hope that the continuance would be long enough to avoid having his plea hearing before the visiting judge. Even assuming the sitting judge would have been more lenient, we find this argument lacking. First, while

6

a continuance would almost certainly have been granted, if requested, we have no assurance that the continuance would have been any longer than it took to review a few photographs. There is nothing in the record to suggest that *if* counsel had requested a continuance, it probably *would have* resulted in the sentencing hearing occurring before the sitting judge. In other words, Appellant has not proven that but for counsel's actions, the outcome would have been different. *See Pham v. State,* 639 S.W.3d at 713. Second, even assuming that a continuance would have landed Appellant back in front of the sitting judge and trial counsel had time to review the photographs, we do not find a reasonable probability that the ultimate outcome—the sentence—would have been different based on the sitting judge's decision after the new trial hearing and the facts surrounding Appellant's prior criminal history and his pending case. A defendant is not entitled to the judge of his choice. *See Sanchez v. State,* 124 S.W.3d 767, 769 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also Sheffer v. State,* No. 02-09-00133-CR, 2009 Tex. App. LEXIS 8992, at *9 (Tex. App.—Fort Worth Nov. 19, 2009, pet. ref'd) (mem. op., not designated for publication) (visiting judge did not abuse his discretion by refusing to allow appellant to withdraw his guilty plea when appellant was not entitled to judge of his choice and had pointed to no specific reason why elected judge would have decided his punishment differently than visiting judge).

Lost in Appellant's argument is that the sitting judge, the judge he believes would have been more lenient had his counsel acted differently, heard the evidence at the motion for new trial hearing. The sitting judge declined to find ineffective assistance of counsel and grant Appellant a new sentencing hearing. She failed to find either deficient performance or prejudice. This supports the notion that if she had been the sentencing

7

judge, the result would have been the same. Also, Appellant has not explained how the outcome would be different if counsel had time to review the photographs. He has not argued the photographs could have been suppressed, excluded, mitigated, or otherwise attacked on cross-examination. Further, trial counsel acknowledged he was aware of the incident itself, although not the photographs. Appellant's trial strategy was to accept responsibility for his prior actions, not disavow or minimize the injuries to his mother. He has not carried his burden to show how he suffered prejudice from trial counsel's failure to move for a continuance as it relates to the photographs or as to the ultimate outcome of sentencing. *See Richardson v. State,* 606 S.W.3d 375, 384 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (counsel was allowed time to review relevant documents before plea hearing; no prejudice shown by counsel's failure to file continuance); *see also Sheffer*, 2009 Tex. App. LEXIS 8992, at *9. We therefore hold that the trial court did not abuse its discretion in denying Appellant's motion for new trial and we overrule issue one.

In his second issue, Appellant argues that his trial counsel was ineffective for failing to seek out and interview Appellant's mother as a prospective punishment witness. The decision to not place a prior victim on the stand so as to avoid damaging testimony can reasonably be construed as trial strategy. *See Burke v. State*, No. 13-13-00520-CR, 2015 Tex. App. LEXIS 4044, at *8–9 (Tex. App.—Corpus Christi Apr. 23, 2015, no pet.) (mem. op., not designated for publication) (trial counsel's decision to not call family members to avoid opening the door to damaging testimony constituted reasonable trial strategy).[5] The obvious danger of a prior felony assault victim's testimony at a punishment hearing

---

[5] Trial counsel testified at the hearing on the motion for new trial that Appellant was unable to recall his mother's telephone number. Knowing this, and knowing that Appellant's mother was the victim of a gruesome assault by Appellant, caused counsel to question the propriety of calling her as a witness.

8

is clear: live testimony has the ability to emotionally impact a factfinder. Trial counsel's strategy does not need to be proven correct in hindsight; it just cannot be of the type that falls below an objective standard of reasonableness. The decision to not present a prior victim's testimony at a sentencing hearing for similar conduct does not fall into this category. *See Strickland,* 466 U.S. at 687–88.

Even if counsel was deficient for making this decision without first contacting Chapman, her proposed testimony, as set forth in her affidavit, would not have established that the underlying proceedings were unreliable. Her testimony contained several mitigating points but was also squarely at odds with Appellant's trial strategy by directly challenging the victim's credibility and whether the offense for which Appellant pleaded guilty even occurred at all. This would certainly call into question Chapman's credibility, which could directly affect the mitigating impact of her testimony at sentencing. Her testimony, undoubtedly, would have been a double-edged sword. When viewed in the broader context of Appellant's violent criminal history and the facts of the instant offense, we are not convinced that Chapman's testimony would have resulted in a lesser sentence. First, because as previously noted, the trial court heard her testimony at the hearing on the motion for new trial and did not grant relief. Secondly, because as the visiting judge noted, Appellant has a violent history of assault. He was convicted and sent to prison for felony assault on a girlfriend and his own mother. In this case, Appellant pleaded guilty to aggravated assault with a deadly weapon. He admitted to striking his girlfriend in the neck with a metal bar because he could not find his car keys. The girlfriend testified and the State introduced photographs depicting the injury suffered by Appellant's girlfriend in the assault. The possible sentencing range for Appellant's third felony

9

conviction was up to ninety-nine years. Chapman's anticipated testimony, which would have included disparaging views of the victim and her own belief that Appellant was "set up," would not, in our view, reasonably lead to a more favorable sentencing verdict. *See Bazan v. State*, 403 S.W.3d 8, 15 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) ("A different punishment assessment must not be just conceivable; its likelihood must be substantial."). The record does not "demonstrate *Strickland* prejudice beyond mere conjecture and speculation." *See Lampkin v. State,* 470 S.W.3d 876, 919 (Tex. App.—Texarkana 2015, pet. ref'd.). Finding the trial court did not abuse its discretion in denying the motion for new trial, we overrule issue two.

## Cumulative Error

Because Appellant has not carried his burden as to issues one and two, his argument for cumulative error must also be overruled. If an appellant's individual claims of error lack merit, then there is no possibility of cumulative error. *Rodriguez,* 553 S.W.3d at 752 (citing *Gamboa v. State*, 296 S.W.3d 574, 585 (Tex. Crim. App. 2009)). We overrule issue three.

## Attorney's Fees

Finally, we address attorney's fees. Appellant was initially found indigent and counsel was appointed. After trial, and without any other factual inquiry into Appellant's financial status, the court assessed court-appointed attorney's fees of $3,703.80. As previously noted, the State concedes this was error. We agree with the parties. The record establishes that Appellant was indigent, and the trial court made no determination that he had the financial resources to pay, or was otherwise able to pay, the appointed

attorney's fees.  Thus, the assessment of fees was erroneous and should be removed. *Cates v. State,* 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010).  Therefore, we reform the trial court's judgment to delete the order for payment of court-appointed attorney's fees.  *See Cates,* 402 S.W.3d at 252.

## CONCLUSION

Issues one, two, and three are overruled.  Issue four is sustained and the judgment is modified to delete the imposition of court-appointed attorney's fees.  As modified, the judgment and sentence of the trial court are affirmed.

Judy C. Parker
Justice

11